## JAMES *v.* APPEL.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 108.  Argued December 17, 1903.—Decided January 4, 1904.

A statute copied from a similar statute of another State is generally presumed to be adopted with the construction which it already has received.

There is no unconstitutional assumption of judicial power, or anything inconsistent with the grant of common law jurisdiction to the Courts of the Territory, in the legislature of Arizona enacting that motions for new trials are deemed to have been overruled if not acted upon by the end of the term at which made, the question to be subject to review by the Supreme Court as if the motion had been overruled by the court and exceptions reserved.

THE facts are stated in the opinion.

*Mr. J. F. Bowie*, with whom *Mr. Thomas B. Bishop* was on the brief, for appellant:

Paragraph 837, Rev. Stat. Arizona (1887), is directory and not mandatory. Sutherland on Stat. Con. § 448; Black on Interp. of Laws, § 126; Endlich on Interp. § 436; 23 Am. & Eng. Ency. (1st ed.) 458; *Rawson* v. *Parsons*, 6 Michigan, 400; *People* v. *Doe*, 1 Michigan, 451; *Gomer* v. *Chaffe*, 5 Colorado, 383; § 201 C. C. Colorado, 1877; *Aspen County* v. *Billings*, 150

VOL. CXCII—9

U. S. 31; *Broad* v. *Murray*, 44 California, 228, construing § 632, California Code; *Pearce* v. *Stickler*, 49 Pac. Rep. 727; 14 Am. & Eng. Ency. 902; *Larson* v. *Ross*, 56 Minnesota, 296; *Gribble* v. *Livermore*, 64 Minnesota, 296.

In *Dominus Rex* v. *Ingram*, 2 Salk. 594, it is held that the failure of the magistrate to perform his duties within the time required by law did not determine his authority to perform them, and such has been the rule ever since. The following cases from different States sufficiently show this to be the case. . *People* v. *Cook*, 14 Barb. (N. Y.) 259, 290; *Gilleland* v. *Schuyler*, 9 Kansas, * 569, * 587; *Shaw* v. *Orr*, 30 Iowa, 355; *Bell* v. *Taylor*, 37 La. Ann. 56; *Neal* v. *Burrows*, 34 Arkansas, 491; *McCarver* v. *Jenkins*, 2 Heisk. 629; *Boykin* v. *State*, 50 Mississippi, 513; *McBee* v. *Hoke*, 2 Speers, 138; *State* v. *Carney*, 20 Iowa, 82; *Huecke* v. *Milwaukee*, 69 Wisconsin, 401; *State* v. *Pitts*, 58 Missouri, 556; *State* v. *Smith*, 67 Maine, 328; *Ex parte Holding*, 56 Alabama, 458; *Wood* v. *Chapin*, 13 N. Y. 559; *Gaston* v. *Scott*, 5 Oregon, 48. *McKun* v. *Ziller*, 9 Texas, 58; *Bass* v. *Hays*, 38 Texas, 128; *Ruff* v. *Hand*, 24 Pac. Rep. (Arizona) 257, are not controlling in this case.

Paragraph 842, Rev. Stat. Arizona does not of itself purport to render a judgment denying the motion for a new trial at the expiration of the term at which the motion is made.

The refusal or neglect of a court to act cannot be reviewed on appeal. *Green* v. *Shumway*, 14 Pac. Rep. 863; *Chambers* v. *Astor*, 1 Missouri, 191. Only judicial action can be reviewed by writ of error or appeal. *Gordon* v. *United States*, 117 U. S. 697, 704.

It is only from judicial decisions that appellate power is given to the Supreme Court. See, also, *Sanborn* v. *United States*, 27 C. Cl. 485; *Hicks* v. *Murphy*, 1 Mississippi, (Walker), 66; *Phelps Co.* v. *Bishop*, 46 Missouri, 68; *Ex parte Caldwell*, 3 Baxter, 98; *Inhabitants of Weymouth*, 56 Massachusetts, 335; *Bower* v. *Cook*, 39 Georgia, 27.

If, however, paragraphs 837 and 842, be regarded as mandatory and self-executing, they would not apply to the case at

bar, as the delay here was caused by the order of the judge continuing the cause, and is, in no way, attributable to counsel or to the plaintiff. *Evans* v. *Rees*, 12 Adol. & El. 167; *Freeman* v. *Tranah*, 74 E. C. L. 406, 415; Elliott on Appellate Procedure, § 117; *Jackson* v. *Carrington*, 4 Exch. 41; *Boody* v. *Watson*, 64 N. H. 169; *S. C.*, 9 Atl. Rep. 794, 814, citing *Edes* v. *Boardman*, 58 N. H. 580, 592; *Burke* v. *Concord R. R.*, 61 N. H. 160, 233; *State* v. *Hayes*, 61 N. H. 264, 330; *Sargent* v. *School District*, 63 N. H. 528, 530; 2 Atl. Rep. 641; *Whitney* v. *Whitney*, 14 Massachusetts, 88, 92; *The Generous*, 2 Dod. 322; *Hall* v. *Sullivan R. R.*, 21 Month. Law Rep. 138; *Lewis* v. *Commissioners*, 16 Kansas, 102; Dwarris's Statutes, 124; *Mattingby* v. *Boyd*, 20 How. 128; Broome's Legal Maxims, 86, 89; *Gray* v. *Brignardello*, 1 Wall. 627, 636; *Fishmongers Co.* v. *Robertson*, 3 M. G. & S. 970.

Sections 837, 842, Arizona Revised Statutes, do not apply to cases in which the hearing of the motion has been continued by order of court. *Caswell* v. *Ward*, 2 Douglass (Mich.), 374; *Burris* v. *Wise*, 2 Arkansas, 33, 41; *Caughlin* v. *Blake*, 55 Iowa, 634; *Burl* v. *Williams*, 24 Arkansas, 91; *Spreckels* v. *Hawaiian Co.*, 117 California, 377; *Wright* v. *Superior Court*, Supreme Court, California, June 26, 1903.

If the decision of the Supreme Court of Arizona be correct as to the interpretation of the statutes of Arizona, the statutes are void as an attempted usurpation by the Legislature of the judicial functions. §§ 1846, 1864, 1865, 1866, 1868, 1908, Rev. Stat. U. S. as to power of courts in Arizona; *Kilbourn* v. *Thompson*, 103 U. S. 168; *Butler* v. *Saginaw County*, 26 Michigan, 22, 27.

The creation of a department for the exercise of the judicial power constitutes of itself a delegation to that department of all the judicial power of the sovereignty except as otherwise limited by the Constitution itself. *Greenough* v. *Greenough*, 11 Pa. St. 489; *Alexander* v. *Bennet*, 60 N. Y. 204; *Van Slyke* v. *Ins. Co.*, 39 Wisconsin, 390; Cooley on Const. Law, 35, 104.

The general principle being that a grant of general powers

to one department of government impliedly excludes all other departments of government from the exercise of the powers granted to the first. Montesquieu, Esprit des Lois, 11, c. 6; Story on Const. 518, 525.

As to what a judgment is, see Black.'s Law Dict.; 3 Blackstone, 395; Bouvier's Law Dictionary; N. Y. Code, § 400; *Pennsylvania* v. *Wheeling Bridge Co.*, 18 How. 440; *State* v. *Fleming*, 46 Am. Dec. 73; 7 Humph. 152; *Ex parte Schrader*, 33 California, 279; *Sinking Fund Cases*, 99 U. S. 761; *Jones* v. *Perry*, 10 Yerger, 59; *S. C.*, 30 Am. Dec. 430; *Merrill* v. *Sherburne*, 8 Am. Dec. 52, 56; *S. C.*, 1 N. H. 199; *Taylor & Co.* v. *Place*, 4 R. I. (1 Ames) 324, 337; *De Chastellux* v. *Fairchild*, 53 Am. Dec. 570; *S. C.*, 15 Pa. St. 18; *Young* v. *State Bank*, 58 Am. Dec. 630; *S. C.*, 4 Indiana, 301; *Officer* v. *Young*, 26 Am. Dec. 268; *S. C.*, 5 Yerger, 301; *Hoke* v. *Henderson*, 25 Am. Dec. 675, 686; *S. C.*, 4 Devereux's Law, 1; *Saunders* v. *Cabaniss*, 43 Alabama, 173; Sedg. on Stat. & Con. Law, 166; Cooley's Con. Lim. * 91; *Marpole* v. *Cather's Admr.*, 78 Virginia, 239.

If the construction placed by the Supreme Court of Arizona upon paragraphs 837 and 842 be correct, these statutes are void, being in conflict with section 1866, U. S. Revised Statutes, the same being section 33 of the Organic Act of Arizona. *Ex parte Lathrop*, 118 U. S. 113, 117.

The grant of common law and chancery jurisdiction to the District Court certainly gives to that court power to hear and determine motions for a new trial. The origin and history of the practice of granting new trials is obscure, principally on account of its antiquity. Bouvier's Law Dict. New Trial; Blackstone, Book III, 387; Graham & Waterman on New Trials; *Queen* v. *Bewaley*, 1 P. Wms. 207, 213; *Witham* v. *Earl of Derby*, 1 Wils. 48, 56; *United States* v. *Hawkins*, 10 Pet. 125, 131; *Wood* v. *Gunton*, 1665, Michealmas Sup. Style, 466; *Bright* v. *Eynon*, 1 Burr. 391.

The right of a party to move for a new trial and the power of the court to determine such motion was well established

at common law prior to the American Revolution. When common law jurisdiction was granted by the organic act to the District Court of the Territories, this grant carried with it the power to hear and determine motions for new trials as that was a well recognized power of common law courts at the time of the grant of such power.

*Mr. Frank H. Hereford, Mr. Seth E. Hazzard, Mr. C. W. Holcomb, Mr. W. C. Keegin, Mr. J. H. McGowan* for appellee, submitted:

Paragraph 837, Rev. Stat. Arizona, 1887, is mandatory and not directory. Cases on appellant's brief distinguished. A court may adopt rules to govern its procedure with discretionary power to deviate from them where their application would be injurious or impracticable. *Grayson* v. *Virginia,* 3 Dall. 321; *United States* v. *Breitling,* 20 How. 252; 18 Ency. Pl. & Pr. 1241; *Hudson* v. *Parker,* 156 U. S. 277; *Giant Powder Co.* v. *Cal. V. P. Co.,* 6 Sawyer, 508.

The rule that a motion for a new trial may be continued to succeeding terms like other motions or proceedings, is subject to the proviso unless the statute requires said motion to be heard during the trial term. *Vallentine* v. *Holland,* 40 Arkansas, 338; *Walker* v. *Jefferson,* 5 Arkansas, 23; *Doddridge* v. *Gaines,* 1 MacArthur, D. C., 335; *England* v. *Duckworth,* 74 N. Car. 309; *Kane* v. *Burrus,* 2 Smed. & M. 313, which distinguishes cases cited on appellant's brief. See also *Gross* v. *McClaran,* 8 Texas, 341; *Bullock* v. *Ballew,* 9 Texas, 498; *Land* v. *State,* 15 Texas, 317; *Bass* v. *Hays,* 38 Texas, 129; *Wilcox* v. *State,* 31 Texas, 587; *Carter* v. *Commissioners,* 12 S. W. Rep. 985.

The object of construction and interpretation is to ascertain the intent of the legislature, and there can be no doubt that, by section 837, the Arizona legislature meant what the Texas courts had held for thirty-five years to be the meaning of the language adopted. In adopting and enacting a foreign statute decisions expounding it are adopted with it. *Tucker* v. *Oxley,*

5 Cranch, 42; *Pennock* v. *Dialogue*, 2 Pet. 18; *Cathcart* v. *Robinson*, 5 Pet. 280; *McDonald* v. *Hovey*, 110 U. S. 628; *Brown* v. *Walker*, 161 U. S. 600; *Henrietta Mining Co.* v. *Gardner*, 173 U. S. 130.

Neither paragraph 837 nor 842 as amended is open to objection that the legislature in enacting them exercised judicial powers. *Young* v. *State Bank*, 4 Indiana, 301; 6 Am. & Eng. Ency. (2d ed.) 1032; *Barkwell* v. *Chatterton*, 33 Pac. Rep. 940; *Railway Co.* v. *Backus*, 154 U. S. 421. If amendment to § 842 is void § 837 stands and justifies dismissal and this court will not determine whether the amendment is void or not. *Wayman* v. *Southard*, 10 Wheat. 46.

Appellant has misconstrued § 1866, Rev. Stat. See *Ferris* v. *Highby*, 20 Wall. 375; *Greeley* v. *Winsor*, 48 N. W. Rep. 204; *Hornbuckle* v. *Toombs*, 18 Wall. 648. Rehearings or new trials are not essential to due process of law either in judicial or administrative proceedings. *Railway Co.* v. *Backus*, 154 U. S. 421; *Montana Co.* v. *St. Louis M. & M. Co.*, 152 U. S. 160. The law involved in this case has received the sanction of Congress. *Clinton* v. *Englebrecht*, 13 Wall. 434; *Camon* v. *United States*, 171 U. S. 277.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a judgment of the Supreme Court of the Territory of Arizona dismissing an appeal because taken too late. The appellees recovered a sum from the appellant in the court of first instance, and after judgment was entered the appellant moved for a new trial. The judge who tried the case, being unable to attend, made an order in chambers continuing the motion to another term. At a later term, after several similar continuances, the motion was overruled, and the appellant then appealed to the Supreme Court of the Territory. These events took place before the passage of the Arizona Revised Statutes of 1901. (See par. 1479.) It is assumed that the appeal was too late if the judgment became final at

the term when it was rendered, Revised Statutes of Arizona, 1887, par. 849, and we may assume further that the ground of dismissal was the paragraph of the Revised Statutes, requiring that motions for new trials "shall be determined at the term of the court at which the motion shall be made," R. S. 1887, par. 837, and the further provision of par. 842. By the latter, as amended in 1891, "when upon motion a new trial is denied," a review by the Supreme Court is provided for, and it then is enacted that "in case there shall be no ruling on said motion for a new trial during the term at which it was filed then said motion shall be denied and the questions that may have been raised thereby shall be subject to review by the Supreme Court as if said motion had been overruled and exceptions thereto reserved and entered on the minutes of the court." Acts of 1891, No. 49, p. 69.

The Arizona par. 837 is copied from a similar section in the Texas code. Act of May 13, 1846, § 112, Hartley's Dig. Tex. Code, Art. 766, 1 Sayles, Texas Civil Stats. Art. 1374 [1372]. Long before its adoption in Arizona the latter section had been construed in Texas as mandatory and as discharging a motion by operation of law if not acted upon at the same term. It was held to put it out of the power of the court to postpone the motion for a new trial to the next term and then to act upon it. If the requirement could be avoided by a continuance it would be made almost nugatory. *McKean* v. *Ziller*, 9 Texas, 58; *Bullock* v. *Ballew*, 9 Texas, 498; *Bass* v. *Hays*, 38 Texas, 128. When a statute is taken in this way from another, even a foreign State, it generally is presumed to be adopted with the construction which it has received. *Tucker* v. *Oxley*, 5 Cranch, 34, 42; *Henrietta Mining and Milling Co.* v. *Gardner*, 173 U. S. 123, 130; *Commonwealth* v. *Hartnett*, 3 Gray, 450. See *Coulam* v. *Doull*, 133 U. S. 216. On this ground as well as that of the meaning of the words, the act had been construed as in Texas by the Supreme Court of Arizona. *Ruff* v. *Hand*, 24 Pac. Rep. 257. In view of the history of the section we shall spend no more time upon the question. Even

were it more doubtful, we are of opinion that the amendment
of 1891 to par. 842 makes the meaning plain. The words
"then [necessarily after the end of the term] said motion shall
be denied," show that the motion is disposed of at the end of
the term. Furthermore they do not mean that an order must
be made out of term because of the failure to make an order
within it, but mean that the motion shall be barred by the
lapse of time, adopting the decision of the year before in *Ruff*
v. *Hand*, and save an exception as if the motion had been
denied by the court. The amendment assumes or enacts that
the motion is to be deemed overruled at the end of the term,
and has for its object to give the party an exception in case he
appeals from the judgment, so that the propriety of granting
the motion may be reviewed along with the other matters
brought before the Supreme Court. See *Spicer* v. *Simms*, 57
Pac. Rep. 610.

It is urged that at least the statute cannot be meant to oper-
ate when the postponement is for the convenience of the court,
and the case is likened to those where a judgment or order is
entered *nunc pro tunc* in order to prevent a loss of rights through
a delay caused by the court itself. But there is no need of an
exception in such a case. The party's rights are saved but
transferred for consideration to a higher court, and were it
otherwise we should hesitate to read the exception into such
absolute words.

It is said that by the foregoing construction the legislature
attempts an unconstitutional assumption of judicial functions.
But this is a mistake, both in form and substance. In form
because the legislature does not direct a judgment but merely
removes an obstacle to a judgment already entered. (We need
not consider whether a different construction would be adopted
if the statute dealt with the time for entering judgments.) In
substance, because we no more can doubt the power of the
legislature to enact a statute of limitations for motions for a
new trial than we can doubt its power to enact such a statute
for the bringing of an action. It may be questioned whether

there would be any constitutional objection to a law making the original judgment final and doing away with new trials altogether. "Rehearings, new trials are not essential to due process of law, either in judicial or administrative proceedings." *Pittsburg, Cincinnati, Chicago & St. Louis Ry.* v. *Backus,* 154 U. S. 421, 426. See *Montana Co.* v. *St. Louis Mining & Milling Co.,* 152 U. S. 160, 171. The statute did not deal with the past or purport to grant or refuse a new trial in a case or cases then pending, but performed the proper legislative function of laying down a rule for the future in a matter as to which it had authority to lay down rules. Whether the attempt to grant a review of the motion in case of an appeal or writ of error was valid is not before us. But certainly it does not seem an extraordinary stretch of legislative power to say that if the right to have a motion considered is lost in the lower court by lapse of time, the motion may be considered on appeal. There is no judgment by the legislature but simply a qualification of the time limit if the case goes up.

Finally, it is argued that the sections construed as we construe them are inconsistent with the grant of common law jurisdiction to the courts by Congress. Rev. Stat. §§ 1868, 1908. It is said that the right to grant new trials was a well recognized incident of common law jurisdiction, and that it cannot be taken away or cut down by the territorial legislature. In view of the provision in § 1866, that the jurisdiction given by § 1908 "shall be limited by law," and indeed apart from it, we should hesitate to say that the territorial legislature was prevented by the grant of common law jurisdiction, in general words, from doing away with new trials altogether. A rule of practice like this does not touch jurisdiction in any proper sense. *Ferris* v. *Higley,* 20 Wall. 375, cited by the appellant, has no application. Apart from other differences, that was a case of an attempt to confer original jurisdiction in civil and criminal cases, both in chancery and common law, upon the probate courts. We certainly see nothing to prohibit the local legislature from making this not unusual or unreasonable rule.

See *Hornbuckle* v. *Toombs*, 18 Wall. 648; *Bent* v. *Thompson*, 138 U. S. 114; *Greely* v. *Winsor*, 1 So. Dak. 618, 631.

*Judgment affirmed.*