## JENNINGS v. ALASKA TREADWELL GOLD MINING CO.

(Circuit Court of Appeals, Ninth Circuit.    May 3, 1909.)

No. 1,638.

1. STATUTES (§ 226*)—ADOPTION FROM ANOTHER STATE—CONSTRUCTION.
    A statute adopted from another state which has been construed by the highest court thereof is presumed to be adopted with the construction thus placed upon it.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 307; Dec. Dig. § 226.*]

2. DEATH (§ 32*)—STATUTES—CONSTRUCTION.
    Code Civ. Proc. Alaska, § 353, creates an action for wrongful death in favor of the personal representative of the decedent, and declares that the amount recovered, if any, shall be exclusively for the benefit of decedent's husband or wife or children when he or she leaves a husband, wife, or children him or her surviving, otherwise the amount recovered shall be administered as other personal property of the deceased person. *Held*, that such act having been taken substantially from the Oregon Code after its construction by the highest court of that state, in accordance

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with such construction, it was no defense to an action for wrongful death that decedent left him surviving neither wife, children, nor family.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 32.*

Construction of statutes, state laws as rules of decision in federal courts, see note to Wilson v. Perrin, 11 C. C. A. 72.]

3. DEATH (§ 95*)—DAMAGES—FAMILY.

In an action for wrongful death under Code Civ. Proc. Alaska, § 353, providing that the amount recovered should be exclusively for the use of decedent's husband, wife, or children, and in default thereof to be administered as other personal property of a deceased person, the damages recoverable for wrongful death, in the absence of wife or children, is the value of decedent's life to the estate, measured by his earning capacity, thriftiness, and probable length of life.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 95.*]

In Error to the District Court of the United States for Division No. 1 of the District of Alaska.

R. W. Jennings and Z. R. Cheney (L. S. B. Sawyer, of counsel), for plaintiff in error.

Shackleford & Lyons and John Flournoy, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This action was brought by the plaintiff in error under section 353 of the Alaska Code of Civil Procedure to recover damages for the death of plaintiff's intestate caused by the alleged negligence of the defendant in error in failing to maintain in a reasonably safe condition the machinery and other appliances used in operating a hoisting apparatus in defendant's mining shaft. The case was tried before a jury. At the conclusion of the testimony defendant's counsel moved the court to instruct the jury to return a verdict for the defendant, for the reason that it was not shown that the defendant had been guilty of negligence with respect to any of the matters charged in the complaint. The court instructed the jury to return a verdict in favor of the defendant, but mainly upon the ground that there was a failure of proof that any one had suffered damage or pecuniary loss by reason of the death of plaintiff's intestate.

The case of Alaska Treadwell Gold Mining Co. v. Cheney (C. C. A.) 162 Fed. 593, involved the same accident as in this case, and we had before us in that case substantially the same evidence as in this case. We held there that the evidence of negligence on the part of the defendant was sufficient to go to the jury. The motion of the defendant to instruct the jury to return a verdict for the defendant on this ground should therefore have been denied. This leaves but the single question of damages to be determined upon this writ of error.

The evidence tended to show that decedent was a helper on a machine drill working in the bottom of the shaft, that he knew his business, looked like a healthy man, was about 24 years of age, and was earning about $3.75 per day and his board. The American Experience Tables of Mortality showing life expectancy were introduced in evidence.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joe Pazetti, a witness called on behalf of the plaintiff, testified that he knew the deceased. He was questioned as follows:

"Q. Did he have a family? A. He say so. Q. Where did he say his family was? A. He say they are in California. Mr. Cobb: We object to this line of testimony, for the reason that it is wholly irrelevant. This is not a suit brought by his family; it is brought by Mr. Jennings, as administrator of the estate. The Court: I think the objection ought to be sustained."

Section 353 of the Code of Civil Procedure of Alaska (Act June 6, 1900, c. 786, 31 Stat. 392) provides as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and the damages therein shall not exceed ten thousand dollars, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife or children, him or her surviving; and when any sum is collected it must be distributed by the plaintiff as if it were unbequeathed assets left in his hands, after payment of all debts and expenses of the administration, and when he or she leaves no husband, wife or children, him or her surviving, the amount recovered shall be administered as other personal property of the deceased person; but the plaintiff may deduct therefrom the expenses of the action, to be allowed by the proper court upon notice, to be given in such manner and to such persons as the court deems proper."

The Alaska Code of Civil Procedure is substantially the same as the Oregon Code of Civil Procedure, and section 353 of the Alaska Code is identical with section 381 of the Oregon Code (B. & C. Comp.), with the following exceptions: In the Alaska Code the amount that may be recovered "shall not exceed ten thousand dollars"; while in the Oregon Code the amount that may be recovered "shall not exceed five thousand dollars." In the Oregon Code it is provided that:

"The amount recovered, if any, shall be administered as other personal property of the deceased person."

In the Alaska Code there is a provision that:

"The amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife or children, when he or she leaves a husband, wife or children, him or her surviving."

But that provision has no bearing on this case, as the deceased left no surviving wife or children. The next provision in the Alaska Code is:

"When he or she leaves no husband, wife, or children, him or her surviving" —that is this case—"the amount recovered shall be administered as other personal property of the deceased person."

This last provision, it will be observed, is identical with the Oregon Code.

In 1898, two years before the adoption of the Alaska Code by Congress, the section of the Oregon Code under consideration was brought before the Supreme Court of that state in the case of Perham v. Portland Electric Co., 33 Or. 451, 53 Pac. 14, 24, 40 L. R. A. 799, 72 Am. St. Rep. 730. In an elaborate opinion upon this statute the court refers to the construction placed upon the original Lord Campbell act

passed by the British Parliament in 1846, the incorporation of this act in one form or another into the legislation of most of the states of the Union, and the construction placed upon such statutes by the courts of the states. With respect to the beneficiaries under the Oregon act and the damages that may be recovered, the court said:

"It is next claimed that the complaint is defective because it does not show that the deceased left surviving him any heirs, legatees, next of kin, or creditors. * * *

"Under Lord Campbell's act and similar statutes, the damages recovered belong to the designated beneficiary, and are measured by the value of the life taken to the particular person entitled to the benefit of the statute; while under our statute they belong to the estate, and are coextensive with the value of the life lost, without regard to its value to any particular person. In the one case the object of the action is to recover the pecuniary loss sustained by the designated relatives, and in the other the value of the life lost, measured, as near as can be, by the earning capacity, thriftiness, and probable length of life of the deceased, and the consequent amount of probable accumulations during the expectancy of such life."

The court continues:

"It follows, therefore, that, so far as the right to maintain the action is concerned, it is immaterial whether the deceased left surviving him any relatives or creditors whatever. The right of action is given by the statute to the administrator or executor in his representative capacity, and is in the nature of an asset of the estate. The heirs, creditors, or distributees have no interest in the recovery on account of any right of action for the pecuniary injury sustained by them, but only by virtue of being creditors, or of kinship; and if the expense of the administration and debts of the deceased equal or exceed the assets, including the amount of the recovery, the next of kin would receive no benefit whatever from the right of action."

A statute adopted from another state which has been construed by the highest court thereof is presumed to be adopted with the construction thus placed upon it. Tucker v. Oxley, 5 Cranch, 34, 42, 3 L. Ed. 29; Pennock v. Dialogue, 2 Pet. 1, 18, 7 L. Ed. 327; Metropolitan Railroad v. Moore, 121 U. S. 558, 572, 7 Sup. Ct. 1334, 30 L. Ed. 1022; Interstate Commerce Commission v. B. & O. Railroad Co., 145 U. S. 263, 284, 12 Sup. Ct. 844, 36 L. Ed. 699; Sanger v. Flow, 48 Fed. 152, 154, 1 C. C. A. 56, writ of error dismissed 149 U. S. 785, 13 Sup. Ct. 1051, 37 L. Ed. 962; Warner v. Railway Co., 164 U. S. 418, 423, 17 Sup. Ct. 147, 41 L. Ed. 495; Willis v. Banking Co., 169 U. S. 295, 307, 18 Sup. Ct. 347, 42 L. Ed. 752; Henrietta M. & M. Co. v. Gardner, 173 U. S. 123, 130, 19 Sup. Ct. 327, 43 L. Ed. 637; James v. Appel, 192 U. S. 129, 135, 24 Sup. Ct. 222, 48 L. Ed. 377.

It is true that the two statutes are not identical as a whole, but the change in the Alaska Code from the Oregon Code makes more definite and certain the purpose of Congress to adopt the construction of the Supreme Court of Oregon for estates where the decedent left no husband, wife, or children. In such case the amount recovered should be administered as other personal property of the deceased person as provided in the Oregon statute; that is to say, the amount received should be for the benefit of the estate, and the damage to the estate would therefore be the value of the life to the estate, measured by the

earning capacity, thriftiness, and probable length of the life of the deceased.

In excluding testimony concerning the family of the deceased, the court below must have accepted the defendant's theory that the suit was brought for the benefit of the estate of the deceased; but upon the conclusion of the testimony the court held that there was a failure of proof of any damages, because it did not appear that any one had suffered loss by reason of the death of the decedent. Laying aside the inconsistency of the two rulings, we will consider the last ruling which is assigned as error. This ruling was based upon the authority of the case of Stewart v. B. & O. Railroad Co., 168 U. S. 445, 449, 450, 18 Sup. Ct. 105, 42 L. Ed. 537. In that case the action was brought in the District of Columbia against a railroad company by an administrator to recover damages for the benefit of a widow whose husband was killed in the state of Maryland through the negligence of the defendant company. In discussing the question of jurisdiction the court, referring to the differences between the statutes of the District of Columbia and the state of Maryland concerning the right of action, said:

"While in the District the nominal plaintiff is the personal representative of the deceased, the damages recovered do not become part of the assets of the estate, or liable for the debts of the deceased, but are distributed among certain of his heirs. By neither statute is there any thought of increasing the volume of the deceased's estate, but in each it is the award to certain prescribed heirs of the damages resulting to them from the taking away of their relative. * * *

"Another difference is that by the Maryland statute the jury trying the cause apportion the damages awarded between the parties for whose benefit the action is brought, while by the statute of the District the distribution is made according to the ordinary laws of distribution of a decedent's estate. But by each the important matter is the award of damages, and the manner of distribution is a minor consideration. Besides, in determining the amount of the recovery the jury must necessarily consider the damages which each beneficiary has sustained by reason of the death. By neither statute is a fixed sum to be given as a penalty for the wrong, but in each the question is the amount of damages."

The court held that the plaintiff was entitled to maintain the action in the courts of the District of Columbia for the benefit of the persons designated in the statute of Maryland. What the court said about the damages recovered not becoming part of the assets of the estate and being determined by the jury with respect to the loss which each beneficiary had sustained by reason of the death was based upon the express language of the statute of Maryland, providing that:

"In every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought." Code Md. 1878, art. 67, c. 15, § 2.

The statute of the District of Columbia provided that:

"The damages recovered shall not be appropriated to the payment of the debts of the deceased, but enure to the benefit of his or her family and be distributed according to the provisions of the statute of distributions." Act Feb. 17, 1885, c. 126, § 3, 23 Stat. 307.

It was the similarity of rights provided in these two statutes that entitled plaintiff to maintain an action in the District of Columbia for

the damages the wife had sustained by reason of the death of her husband in the state of Maryland. But the two statutes differ very materially from the Alaska statute. In the former the amount recovered as damages does not become part of the assets of the estate, while in the Alaska Code it does, and is administered as other personal property of the deceased person.

We are of the opinion that the construction placed upon the statutes of Maryland and the District of Columbia by the Supreme Court is not applicable to the Alaska statute under consideration. Following the construction placed upon the Oregon statute by the Supreme Court of Oregon, we are of the opinion that the case should have been submitted to the jury with proper instructions upon the evidence as to the earning capacity, thriftiness, and probable length of life of the deceased, and the consequent amount of probable accumulations during the expectancy of such life.

The judgment of the District Court is reversed.