LOVE, United States Marshal, v. PAVLOVICH.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1915.)

No. 2422.

1. ATTACHMENT ☞271—DISCHARGE OF LIEN—FAILURE OF JUDGMENT TO ORDER SALE.

Under Act June 6, 1900, c. 786, § 147, 31 Stat. 356, enacting a Code for Alaska, Carter's Ann. Code Civ. Proc. § 147, which provides that, on rendering a judgment for plaintiff in an action in which property is held under attachment, the court shall order and adjudge the property to be sold to satisfy the judgment, where no such order is made, but a personal judgment only is rendered against the defendant, the attachment is discharged.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 959; Dec. Dig. ☞271.]

2. STATUTES ☞226—CONSTRUCTION—STATUTES ADOPTED FROM ANOTHER JURISDICTION.

Where a statute of a state is adopted by another state or by Congress, the construction previously given to such statute by the highest court of the state presumably becomes a part of the law as so adopted.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 307; Dec. Dig. ☞226.]

In error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Frederic E. Fuller, Judge.

Action at law by Vaso Pavlovich against H. K. Love, United States Marshal for the Fourth Division of the Territory of Alaska. Judgment for plaintiff, and defendant brings error. Affirmed:

McGowan & Clark, of Fairbanks, Alaska, for plaintiff in error.

H. A. Day and Morton E. Stevens, both of Fairbanks, Alaska, for defendant in error.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before GILBERT and MORROW, Circuit Judges, and WOLVER-TON, District Judge.

MORROW, Circuit Judge. On May 17, 1912, two actions were commenced in the commissioner's court in and for Fairbanks precinct, Fourth judicial division, territory of Alaska, one by Paul Ringseth against Sam Vlik & Co. and the other by Jack McLean against Sam Vlik & Co. Sam Vlik & Co. was a copartnership composed of Sam Vlik, Dan Vlik, and Mike Onak, engaged in mining. In each of the actions the plaintiff therein sought to recover from the defendants therein the sum of $1,000, alleged to be due and owing on an express contract for the payment of money. A summons and a writ of attachment were issued in each of the actions, and placed in the hands of a deputy United States marshal for service, and the same were served upon Dan Vlik, one of the partners, during the night of May 17, 18, 1912. It appears from the returns made by the deputy marshal to the writs of attachment that the same were executed by attaching all of the right, title, and interest of the defendants in the actions in and to one lot of wood and provisions situated on Discovery claim, Chatanika river, Fairbanks recording district, territory of Alaska. It appears from the testimony that there were two piles or lots of wood on the claim of the defendants in the actions, one of which, a small pile containing 3 or 3½ cords, was located near the cookhouse, and the other, a large pile containing about 200 cords, was located at some distance from the cookhouse and on another part of the claim. There is considerable conflict in the testimony as to whether the deputy marshal attached the large pile, or the small pile, or all of the wood upon the claim; but in the view which we take of the case the question becomes immaterial.

On May 18, 1912, the day following the service of the attachments in the suits of McLean and Ringseth against Sam Vlik & Co., the latter, by Sam Vlik, a member of the firm, made, executed, and delivered to the plaintiff herein, Vaso Pavlovich, a bill of sale for 210 cords of four-foot birch wood situated on Discovery claim, on the Chatanika river, Fairbanks precinct, Alaska. The consideration named in the bill of sale was $2,000. It appears from the testimony, and the fact is not disputed, that on the date of the execution of the bill of sale, notices of ownership were posted by the plaintiff on the wood in controversy. On May 24, 1912, judgments by default were entered in the actions of McLean and Ringseth against Sam Vlik & Co. By each of the judgments it was ordered that the plaintiff therein have and recover of and from Sam Vlik & Co. the sum of $1,000, with interest thereon at the rate of 8 per cent. per annum until paid, and costs of suit, amounting to $18.70. Execution was issued in the case of Ringseth v. Sam Vlik & Co. on May 24, 1912, and placed in the hands of H. K. Love, United States marshal, the defendant herein. On May 25, 1912, the marshal purporting to act under and by virtue of such execution, levied upon 123 cords of the wood theretofore attached; and on June 6, 1912, the wood was sold by the marshal to Ringseth, the plaintiff in that action, for the sum of $1,075. On June 12, 1912,

execution was issued in the case of McLean v. Sam Vlik & Co., and the marshal, purporting to act under and by virtue of the execution, levied upon 40 cords of wood, being the balance of the wood theretofore attached; and on June 25, 1912, a sale of the last-mentioned wood was made by the marshal to Ringseth for the sum of $275.

The present action has been instituted by the plaintiff Vaso Pavlovich, to recover from the defendant, H. K. Love, as United States marshal, damages for the alleged wrongful conversion and sale by such marshal of the wood in controversy; alleged to have been on the dates of the sales thereof the property of the plaintiff herein under and by virtue of the bill of sale from Sam Vlik & Co. of May 18, 1912. The case was tried before the court and a jury, and resulted in a verdict and judgment in favor of the plaintiff for the sum of $1,325 and costs.

The position taken by the plaintiff is that the seizures of the wood by the United States marshal under the executions issued in the case of Ringseth v. Sam Vlik & Co. and in the case of McLean v. Sam Vlik & Co., and the subsequent sales thereof by the marshal, were void for the reason that the justice of the peace in entering the judgments failed to foreclose the attachment liens and failed to incorporate in the judgments an order providing for the sale of the attached wood, as required by the law of Alaska. The instructions given by the court on this question were as follows:

"You are instructed that property may be sold or mortgaged subject to the lien of an attachment, and the sale or mortgage becomes absolute when the lien of the attachment is removed or lost. You are instructed that the judgments given in the commissioner's court at Chatanika on May 24, 1912, that have been introduced in evidence in this case, did not contain any order that the property attached theretofore in the actions in which said judgments were given should be sold to satisfy the demands of the plaintiffs in said actions, and that therefore as a matter of law said plaintiffs waived and lost any lien theretofore secured upon the property in question by reason of the attachments theretofore issued in said actions, and that the defendant was not therefore longer entitled to the possession of said property under said writs of attachment, if you should find that they had been theretofore duly levied. And you are further instructed that if you find that the plaintiff had become the owner of said wood and entitled to the immediate possession thereof prior to the date of the levy thereon by the defendant under the writs of execution (evidence of which has been given before you), by reason of the bill of sale to the plaintiff from Sam Vlik & Co., then the defendant was without right to hold such property under such levies, or to sell or dispose of the same."

If these instructions stated the law correctly, it is an end to the controversy, and we need not inquire further whether the attachments were served prior to the execution of the bill of sale of the wood to the plaintiff, or whether the wood sold by the marshal was the identical wood attached by the marshal upon the bringing of the actions against the copartnership. These questions will then become no longer material.

[1] Section 147 of the act of June 6, 1900, chapter 786, making further provision for a civil government for Alaska (31 Stat. 321, 356; Carter's Annotated Codes of Alaska, § 147), provides as follows:

"If judgment be recovered by the plaintiff, and it shall appear that the property has been attached in the action and has not been sold as perishable property or discharged from the attachment as provided by law, the court

shall order and adjudge the property to be sold to satisfy the plaintiff's demands, and if execution issue thereon, the marshal shall apply the property attached by him, or the proceeds thereof, upon the execution, and if there be any such property or proceeds remaining after satisfying such execution, he shall, upon demand, deliver the same to the defendant."

[2] This section was taken from the laws of Oregon (Lord's Oregon Laws, § 308). When this statute was adopted by Congress the Supreme Court of that state had given the statute a construction. Presumably the construction so given the statute by the highest court of the state became part of the law as adopted by Congress. Warner v. Railway Co., 164 U. S. 418, 423, 17 Sup. Ct. 147, 41 L. Ed. 495; Willis v. Banking Co., 169 U. S. 295, 307, 18 Sup. Ct. 347, 42 L. Ed. 752; Henrietta M. & M. Co. v. Gardner, 173 U. S. 123, 130, 19 Sup. Ct. 327, 43 L. Ed. 637; James v. Appel, 192 U. S. 129, 135, 24 Sup. Ct. 222, 48 L. Ed. 377; Welsh v. Barber Asphalt Co., 167 Fed. 465, 472, 93 C. C. A. 101; Jennings v. Alaska Treadwell Gold Min. Co., 170 Fed. 146, 149, 95 C. C. A. 388.

In the case of Bremer & Co. v. Fleckenstein & Mayer, 9 Or. 266, 271, the Supreme Court of Oregon, construing this statute, said:

"Under the law, as it stood before the amendment of October 25, 1878, no order of sale of attached property was required. The statute itself directed the application of such property upon the execution when it should be issued. The amendment, * * * however, provides that if property has been attached in the action, and has not been sold as perishable, or otherwise discharged from the attachment as provided by law, the court shall, when it renders judgment, order and adjudge that the property be sold to satisfy the plaintiffs' demands, and that if execution issues thereon, the sheriff shall apply the property attached by him, or the proceeds thereof, upon such execution. We recognize the fact that this amendment has effected a change here as to the property under attachment, when judgment in the action is rendered. The order of sale must be made as to such property when judgment is given, or it will be discharged from the attachment, and liberated from the attachment lien."

In the case of Moore-Shafter Shoe Mfg. Co. v. Billings, 46 Or. 401, 80 Pac. 422, the principle was again announced by the Supreme Court of Oregon. Mr. Chief Justice Wolverton, delivering the opinion of the court, said:

"The question for our determination is whether, under the complaint, the plaintiff is in a position to maintain a suit against the defendants. Preliminarily it must be observed that the plaintiff has no lien on the goods by virtue of the alleged levy of the writ of attachment issued in the action instituted against Billings and recovered on its demand. There was no order entered adjudging the property to be sold at the time of the rendition of the judgment in the action. This was tantamount to a waiver of the attachment lien if one was legally and regularly obtained, and a liberation of the goods from the effect of such levy."

See, also, Lowry v. McGee, 75 Ind. 508; Smith v. Scott, 86 Ind. 346; Sannes v. Ross, 105 Ind. 558, 5 N. E. 699; U. S. Mortgage Co. v. Henderson, 111 Ind. 24, 12 N. E. 88; Wright v. Manns, 111 Ind. 422, 12 N. E. 160; Wasson v. Cone, 86 Ill. 46; Staunton v. Harris, 9 Heisk. (Tenn.) 579; Hillman v. Werner, 9 Heisk. (Tenn.) 586.

It follows that whatever lien was acquired by the plaintiffs in the cases of McLean v. Sam Vlik & Co. and Ringseth v. Sam Vlik & Co.

was lost when the court before whom the cases were tried entered a personal judgment against the defendants therein, without an order or judgment that the attached property be sold to satisfy the plaintiffs' demands, and that the seizure and sale of the property by the marshal was without authority, and therefore void.

The only remaining question which we deem it necessary to consider relates to the bill of sale made by Sam Vlik & Co., by Sam Vlik, a member of the firm, to the plaintiff herein. The marshal contends that the bill of sale was void and of no effect for the reasons: First, that it was executed by but one of the partners; and, second, that it was made with intent to defraud the creditors of Sam Vlik & Co. We think each of the objections is without merit. With respect to the objection that the bill of sale was executed by but one of the members of the copartnership, it appears from the record that Sam Vlik, prior to the execution of the bill of sale, told Mike Onak, a member of the firm, that he was going to execute a bill of sale for the wood to the plaintiff herein, and Onak presumably made no objection; and Dan Vlik, the third member of the firm, testified that Sam Vlik' was the manager of the partnership and ran the business and had authority to give the bill of sale. With respect to the objection that the bill of sale was given with intent to defraud the creditors of Sam Vlik & Co. it is only necessary to state that that question was fully submitted to the jury under full and appropriate instructions, in which we find no error.

The judgment of the court below is affirmed.