Lon O. OWSLEY, Petitioner,

v.

W. K. CUNNINGHAM, Jr., Superintendent, Virginia State Penitentiary, Respondent.

Misc. No. 3450.

United States District Court
E. D. Virginia,
Norfolk Division.

Jan. 27, 1961.

Lon O. Owsley, pro se.

**WALTER E. HOFFMAN,** District Judge.

Petitioner, a state prisoner having exhausted his state court remedies, seeks relief by way of habeas corpus in this Court. The facts are not in dispute and, from the petition, we learn that petitioner was convicted by different juries in separate trials for robbery and murder on January 10, 1957, and May 1, 1957, respectively. In each case a verdict of life imprisonment was imposed by the jury, and the sentence followed. The trials were conducted in the Circuit Court of Rockingham County, Virginia, and no appeal on the merits was sought from said final judgments. Petitioner

was represented by court-assigned counsel and, as petitioner states in his brief:

"The Petitioner's Attorney gave him excellent representation in the original trial, but it was his duty to give him representation in and on the appeal."

While the contentions now advanced by petitioner are numerous, the majority may be summarily disposed of as follows:

(1) The jury verdict in the robbery charge, which was first tried, fixed the punishment *"By* confinement for life." Petitioner insists that the verdict is void for the reason that the jury failed to use the words *"At* confinement". There was no objection to the form of the verdict; petitioner cites no authority to support his argument; and, indeed, the point is frivolous and need not be considered further.

(2) On the day of the trial of the robbery case, the trial court, over petitioner's objection, granted leave to amend the indictment, and thereafter refused petitioner's motion for a continuance. The indictment as returned by the grand jury provided that petitioner "unlawfully, feloniously, and maliciously did shoot and wound the said Robert Fishback and against his will, *violently and* feloniously did take, steal and drive away one 1951 Model Buick automobile, of the approximate value of $700.00, the property of one James Crawford then and there in the *lawful possession* of the said Robert Fishback." In amending the indictment the words *"violently and"* were eliminated and, in lieu thereof, the words *"and, by means of such violence"* were substituted. In addition, the words *"and immediate"* were inserted after the word "lawful" to the end that this portion of the indictment as amended read "and then and there in the *lawful and immediate possession."* There is no merit to petitioner's argument. The statutes of Virginia permit an amendment so long as the nature of the offense is not changed. Code of Virginia, 1950, §§ 19–150, 19–151 (Now §§ 19.1–176, 19.1–177); Snead v. Smyth, 4 Cir., 273 F.2d

838; Livingston v. Commonwealth, 184 Va. 830, 36 S.E.2d 561. The matter of a continuance rested within the sound discretion of the trial court and is not reviewable on habeas corpus. The amendment of an indictment for robbery on the day of trial has been declared proper in Brookman v. Commonwealth, 151 Va. 522, 145 S.E. 358.

■■ (3) It is urged that petitioner was not present during all of the proceedings prior to the actual trial. Specifically, he contends that he was not present when his court-assigned counsel moved that petitioner be committed for observation and report and, following a denial of this motion, moved that the Board of Supervisors be required to pay for the services of a psychiatrist to examine the accused. Assuming, arguendo, that petitioner was entitled to be present at the time of the presentation and argument of these motions [1] and assuming further, but without deciding, that the action by the state court on said motions affected the interest of the petitioner [2], which is apparently the test for determining whether the statute has been violated, this does not bring into focus the due process clause of the Fourteenth Amendment. There may have been some error in the state court practice and procedure, but the federal court is only interested in whether there has been a denial of due process as guaranteed by the federal constitution. For a full discussion of this subject, with particular reference to the failure of the accused to be present during all proceedings in the state court, see the opinion of Judge Parker in Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 732. As said by Justice Cardozo in Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 107, 108, 54 S.Ct. 330, 333, 78 L.Ed. 674, 90 A.L.R. 575:

> "So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."

There is no suggestion that petitioner's able counsel requested the presence of the accused at the time of the hearing on the motions indicated herein. No error was assigned to the action of the trial court in considering and ruling on the motions in the absence of the accused. Under the facts and circumstances alleged, no federal question is presented.

■ (4) It is alleged in the petition that his court-appointed counsel was under a duty to appeal the cases to the Supreme Court of Appeals of Virginia. The bare allegation is made that "said attorney led the petitioner to believe that a writ of error would be applied for." Where the record shows that petitioner was competently represented and there is no substantiation of his general allegation, no hearing is required. Brown v. Smyth, 4 Cir., 271 F.2d 227. Moreover, it is a settled principle of law that the right of appeal is not essential to due process of law. Standard Oil Co. of Indiana v. State of Missouri, 224 U.S. 270, 286–287, 32 S.Ct. 406, 56 L.Ed. 760. Rehearings and new trials are not essential to due process of law, either in judicial or administrative proceedings. James v. Appel, 192 U.S. 129, 137, 24 S.Ct. 222, 48 L.Ed. 377. The failure of petitioner to make suitable arrangements to appeal a conviction is insufficient ground to grant a writ of habeas corpus. Schechter v. Waters, 10 Cir., 199 F.2d 318. This circuit has held, even with a federal prisoner where there is an absolute right of appeal, that the failure of an attorney to note and perfect an appeal affords no right to a hearing under 28 U.S.C.A. § 2255. Dennis v. United States, 4 Cir., 177 F.2d 195. No constitutional question is raised by the failure to perfect an appeal.

1. Code of Virginia, 1950, § 19–214 (recodified in 1960 as § 19.1–240).

2. Rogers v. Commonwealth, 183 Va. 190, 31 S.E.2d 576; Thomas v. Commonwealth, 183 Va. 501, 32 S.E.2d 711; Carpenter v. Commonwealth, 193 Va. 851, 71 S.E.2d 377.

(5) A claim of error is made with respect to the introduction in evidence of an ex parte statement taken by a court reporter. We are not advised as to the content of said statement and, of course, no constitutional question is presented. McCoy v. Tucker, 4 Cir., 259 F.2d 714.

(6) We are told that petitioner was tried twice for the same offense. His theory is that the acts of robbery and murder were committed at the same time and, therefore, constitute but one offense. It is true that under Virginia law, murder in the commission of, or attempt to commit, robbery constitutes murder in the first degree. Code of Virginia, 1950, § 18–30 (now § 18.1–21). Under the provisions of § 19–232 (now § 19.1–259) of the Code of Virginia, 1950, if the same act be a violation of two or more statutes, conviction under one of such statutes shall be a bar to a prosecution or proceeding under the other statute. These contentions were raised by petitioner at the time of his trial for murder—he having been previously convicted for robbery—and decided adversely to petitioner. The test of the identity of acts is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make it the same act under two or more statutes. Hundley v. Commonwealth, 193 Va. 449, 69 S.E.2d 336. The problem of relentless prosecutions as suggested in the dissent in Ciucci v. State of Illinois, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983, is not in issue, as it was the petitioner here who requested, and was granted, a severance of trials. The question is essentially one of state court determination to be ascertained on direct appeal. Additionally, the two indictments required proof of a different nature. The indictment for murder followed the statutory short form, and did not allege that the murder was committed while the accused was in the act of committing, or attempting to commit, robbery. Thus it follows that the proof required to sustain convictions under the two indictments was entirely different.

We turn, finally, to a discussion of the contention that petitioner was denied due process of law by reason of the state court action in declining to commit petitioner for observation and report at a state mental institution for the criminally insane, and for thereafter refusing to provide for compensation of a psychiatrist to examine the accused. Under the assumption that no qualified person testified as to the petitioner's mental competency at the time of trial, this problem is approached. The petition does not allege that the issue of insanity was raised at the trial. He states in his brief accompanying his petition that he had previously been confined to a home for the feeble-minded and illiterate. If petitioner raised the defense of insanity at the trial, he has then been accorded a full hearing on this question and cannot review it by way of habeas corpus. If, however, he did not interpose the defense of insanity, we approach a more serious problem.

In an increasing number of instances state prisoners seek relief by way of habeas corpus in the federal court alleging (1) insanity at the time of the commission of the offense, (2) insanity at the time of trial, or (3) both of the above. In the majority of cases bare allegations are made, and we are met with the question of determining whether or not a plenary hearing should be granted. If such an allegation makes it incumbent upon a federal court to accord the petitioner a plenary hearing, state court prisoners serving long terms of imprisonment may avail themselves of this alleged right after many years have elapsed, and at a time when both the state and petitioner are seriously handicapped in the production of credible evidence. Of course, the burden rests upon the petitioner to prove his lack of mental competency, but this does not answer the question.

In Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, a *federal* prisoner seeking relief under 28 U.S.C.A.

§ 2255 was held to be entitled to a hearing on the matter of his sanity *at the time of trial*. The brief *per curiam* decision cites no authority. In vacating the judgment in Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, the Supreme Court apparently agreed with the dissenting opinion of Judge Bazelon. The fact that incompetence *at the time of trial* was not raised until after a lapse of fifteen years was deemed to be immaterial. As the issue of insanity *at the time of the commission of the offense* was held not to be a proper basis for a motion under § 2255, we conclude from Bishop that:

"(1) A *federal* prisoner may raise the issue of insanity *at the time of trial* under a motion to vacate pursuant to 28 U.S.C.A. § 2255, irrespective of the lapse of time involved, and is entitled to a plenary hearing on same unless the court, in advance of trial, has ascertained the apparent mental capacity of the accused, or has otherwise conducted a hearing on this inquiry.

"(2) A *federal* prisoner is *not* entitled to a plenary hearing under 28 U.S.C.A. § 2255 on the issue of insanity *at the time of the commission of the offense.*

▋ It is fundamental that the state procedure must afford the accused an opportunity to raise the issue of insanity. But this does not mean that the state must affirmatively secure evidence of lack of mental capacity. Certainly it is clear that there is no constitutional mandate requiring the state to appoint a psychiatrist to make a pretrial examination of the accused. United States ex rel. Smith v. Baldi, 344 U.S. 561, 568, 73 S.Ct. 391, 97 L.Ed. 549. This is the crux of petitioner's argument here. He contends that he was foreclosed from interposing the defense of insanity by the action of the state court in declining to make available, at state expense, the evidence that might otherwise have been forthcoming if he had not been indigent. In United States ex rel. Smith v. Baldi, supra, there was a plea of guilty (as contrasted with

a not guilty plea in the present case). The Supreme Court noted that the plea of guilty was an admission of sanity, and that the subsequent evidence of petitioner's mental condition before the trial court went only to the question of the appropriate penalty. Stated otherwise, the plea of guilty precluded the defense of insanity, and the Supreme Court concluded that a judicial hearing—although not a plenary hearing on habeas corpus in the federal court—had been accorded the petitioner, and that petitioner, under Pennsylvania law, had an opportunity to withdraw his guilty plea to test any issue of insanity.

But United States ex rel. Smith v. Baldi, supra, does not stand for the proposition that a state court prisoner, afforded the right to interpose insanity as a defense in the state proceeding on a plea of *not guilty*, may raise such issue by way of habeas corpus. Virginia has adopted certain procedures to inquire into the sanity of one accused of crime but, at all times, the mental condition of the accused is put in issue by his plea of not guilty. The procedure for a pretrial commitment for observation and report is set forth in § 19–202 (now § 19.1–228) of the Code of Virginia, 1950, and is available only on motion of the prosecution or on the court's own motion. It has been held to be purely discretionary. Delp v. Commonwealth, 172 Va. 564, 200 S.E. 594; Wood v. Commonwealth, 146 Va. 296, 135 S.E. 895. An additional statutory provision, § 19–203 (now § 19.-1–229), provides that if a court in which a person is held for trial has reasonable grounds to doubt the sanity or mentality of the accused at or before the time of trial, the court may suspend the trial and thereafter either (1) proceed to commit the accused for observation and report under § 19–202 (now § 19.1–228), or (2) impanel a jury to inquire into the fact as to the sanity or mentality of the accused. As to methods adopted in other states, see 32 A.L.R.2d 456.

▋ Admittedly these statutory provisions are discretionary. However, the failure of the trial court to exercise

such discretion, while reviewable on direct appeal in the event of clear abuse of judicial discretion, does not preclude the accused from proving his lack of mental capacity under his plea of not guilty, and the jury may find the accused not guilty by reason of insanity. The trial court, in exercising its discretion by denying the motion to commit, has conducted a hearing on the reasonable necessity of such commitment for observation and report. Any error of the state court in evaluating the issue of mental competency would not go to jurisdiction; it is only the denial of the opportunity to tender the issue of insanity which affords the right to present the issue of insanity in habeas corpus proceedings. As was said by Justice Douglas in Whelchel v. McDonald, 340 U.S. 122, 124, 71 S.Ct. 146, 148, 95 L.Ed. 141, in reviewing the validity of a court-martial proceeding by way of habeas corpus:

"We put to one side the due process issue which respondent presses, for we think it plain from the law governing court-martial procedure that there must be afforded a defendant at some point of time an opportunity to tender the issue of insanity. It is only a denial of that opportunity which goes to the question of jurisdiction. That opportunity was afforded here. Any error that may be committed in evaluating the evidence tendered is beyond the reach of review by the civil courts."

Mindful of the fact that the foregoing authority is peculiarly applicable to court-martial proceedings, nevertheless it would appear that where a clear opportunity has been afforded an accused to present in issue the question of his mental competency at the time of the commission of the offense, the matter is not reviewable on habeas corpus in the absence of new facts being alleged. 29 A.L.R.2d 703.

From this discussion the Court leans to the conclusion that the question of insanity *at the time of the commission of an offense* is never reviewable as of right by a federal court on application of a Virginia state court prisoner, whether said issue has, or has not, been previously determined by a state court, with the following possible exceptions: (1) the allegation of new facts not readily discoverable at the time of trial, (2) the allegation that the trial judge's decision was arrived at by prejudice, bias, or in a mob-dominated atmosphere, and (3) where the sentence is death.

While this Court is unable to point to any significant legal reason why death cases should be placed in any distinguishing category, it is obvious that the courts have been prone to review the issue of insanity on habeas corpus where the death sentence has been imposed. In the recent case of Snider v. Smyth, 4 Cir., 263 F.2d 372, the habeas corpus proceeding involving a Virginia state court prisoner was remanded to more fully determine petitioner's mental condition at the time of the offense charged and as of the date of the further habeas corpus hearing. The opinion cites no authority for such action; nor is there any discussion of certain action taken by the state court to determine petitioner's mental condition prior to trial. It may be fairly assumed that any court called upon to determine the validity of proceedings, and the constitutional rights of the accused, will perhaps strain a point to see to it that a plenary hearing is accorded the petitioner in a case where the sentence is death and the question of insanity is sought to be interposed.

 This petitioner does not allege that he was insane *at the time of trial*. Presumably his contention is that if he were insane at the time of the commission of the offense, it would necessarily follow that he was insane at the time of trial. As heretofore indicated, petitioner does not allege that he was insane at any time, but merely complains of the court's failure to make expert medical evidence available which would then *perhaps* have permitted petitioner to plead insanity. Assuming arguendo that the petition may be liberally interpreted as setting forth an allegation of insanity

at the time of the commission of the offense and at the time of trial, what then is the proper function of a federal court reviewing the conviction of a Virginia state court prisoner? Matters pertaining to insanity at the time of the commission of the offense have been previously considered and will not be repeated. As to the issue of insanity at the time of trial, we turn to the action taken, if any, by the state court. Admittedly the federal court may, in its discretion, entertain and consider a review of the issue of insanity at the time of trial, even where the state court has previously determined the same issue after hearing. It is not, however, required to do so. Brown v. Allen, 344 U.S. 443, 458, 73 S.Ct. 397, 97 L.Ed. 469. Where no hearing has ever been had in any state court proceeding on the issue of insanity *at the time of trial*, either at or immediately prior to the trial on the merits or by way of post-conviction remedies in the state court, it seems appropriate that the federal court should grant a plenary hearing. United States ex rel. Cobb v. Cavell, D.C.W.D.Pa., 161 F.Supp. 174, affirmed *per curiam*, 3 Cir., 258 F.2d 946, certiorari denied 359 U.S. 916, 79 S.Ct. 593, 3 L.Ed.2d 578.

Tested by these principles we conclude that petitioner was accorded a hearing when the state court, on October 29, 1956, declined to commit the accused for observation and report. We assume, as we must, that the state court gave mature consideration to petitioner's request. If there could not be shown any reasonable grounds to doubt the sanity or mentality of the accused at that time, the federal court should not be required to re-litigate factual contentions which did not even show reasonable grounds for belief in the state court. There is a presumption that petitioner was sane at the time of trial and that he had the capacity to assist in his defense. Indeed, he does not now contend that any other condition existed. The trial was thereafter conducted on January 10, 1957—a little more than two months following the court's action. Manifestly the petition must contain more than a bare allegation of insanity at the time of trial in order to justify a plenary hearing under the circumstances of this case.

For the reasons stated herein the petition for writ of habeas corpus will be dismissed without according petitioner a plenary hearing. Other than the treatment of the insanity issue, the remaining matters clearly involve legal questions which do not require a plenary hearing, assuming, as the Court must, that all facts alleged in the petition are true. Holly v. Smyth, 4 Cir., 280 F.2d 536.

In the event petitioner elects to appeal from this decision, a certificate of probable cause will issue as this Court would welcome a consideration of these petitions containing bare allegations of insanity.