## VAN GORDER v. JOHNSTON, Warden.
## No. 8274.

Circuit Court of Appeals, Ninth Circuit.
Jan. 18, 1937.

Hayes Van Gorder, in pro. per.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

GARRECHT, Circuit Judge.

This is an appeal from an order of the court below denying petition of appellant for a writ of habeas corpus. The appellant is at the present time detained at the

Federal Penitentiary on Alcatraz Island in San Francisco Bay. He brought his petition for writ before the District Court alleging that he had served out a sentence imposed by the District Court of the United States for the District of Kansas which was to commence after the expiration of a sentence imposed by the District Court of the United States for the Eastern District of Illinois, upon the contention that the indictment under which he was sentenced in Illinois was fatally defective and that any sentence thereunder being invalid that therefore the Kansas sentence began to run immediately upon imposition, without an interval of waiting for the sentence imposed in the Illinois case to expire. It is to be noted that not long ago the same parties were before this court upon appeal from an order of the same District Court denying a similar petition, based upon the ground that the sentence of the Illinois United States District Court was indefinite. We there held the sentence sufficiently definite. See 82 F.(2d) 729.

There is but one assignment of error, and that is that the court erred in denying the petition for writ of habeas corpus because the sentence in the Illinois case was based on an indictment which charged no offense.

The "Appellant contends that the Illinois indictment drawn under * * * [18 U.S.C. § 347 (18 U.S.C.A. § 347)] charges no offense, there being no averment of a Material Alteration of Postal Money Orders, or a Material Alteration with the intent of purpose to receive a sum of money from the United States, or with the intent of purpose to defraud the United States," etc.

The indictment charged (count I—all of the counts appearing in the Transcript of Record are in the same language, save that each charges a different act, so that count I will suffice for all): "that Hayes Van Gorder * * * on * * * [March 10, 1924] * * * in the Eastern District of Illinois * * * did then and there unlawfully knowingly, falsely and feloniously alter a certain United States Postal Money Order, which * * * had lately theretofore been issued by Albert A. Schroeder, Postmaster at St. John, Illinois in the amount of $6.00, and which was * * * then and there altered by the said Hayes Van Gorder * * * so that the said altered United States Postal Money Order purported to be in the sum of $66.00. * * *" Thereafter a copy of the said money order was set out in the body of the indictment.

The statute (18 U.S.C. § 347 [18 U.S.C.A. § 347]), so far as material, reads as follows: "Whoever, with intent to defraud, * * * shall falsely alter, or cause or procure to be falsely altered in any material respect, or knowingly aid or assist in falsely so altering any such money order or postal note; * * * shall be fined not more than $5,000, or imprisoned not more than five years, or both."

The Circuit Court of Appeals for the Eighth Circuit in Brown v. White, 24 F.(2d) 392, beginning at page 394, on appeal from an order denying a petition for writ of habeas corpus, wherein was brought in question the validity of an indictment, set down the following rules:

"The courts are met with repeated attempts to substitute habeas corpus for writ of error, notwithstanding the multiplicity of cases holding that it cannot be done. The law as to applicability of the writ of habeas corpus would seem to be well settled. In Franklin v. Biddle, Warden, etc., 5 F.(2d) 19, 21, this court said: 'A writ of habeas corpus cannot be made to perform the office of a writ of error. It is available only to relieve a prisoner from the restraint imposed by a judgment or order that is absolutely void on the ground that the court was without jurisdiction to render it.' * * * It is a well-established rule that a prisoner under sentence of another court will not be discharged on habeas corpus by a court having authority to entertain the writ, unless the court passing sentence was so far without jurisdiction that its proceedings are void—in other words, that the sentence exceeds the jurisdiction of said court.

"If the offense charged in an indictment is colorless or an impossible one under the law there is no jurisdiction in a court to render judgment thereon. There is nothing upon which to base a judgment, and if a prisoner is held in custody under sentence and judgment on such indictment, void on its face, he may be discharged from such custody upon writ of habeas corpus by another court having authority to entertain the writ. * * *

"There is great difference, however, in the law as to habeas corpus where the indictment fails to state any crime whatever under the laws of the United States,

and where the indictment is merely incorrect or defective in its statement of the offense. The construction to be put on the indictment and its sufficiency in stating a real offense is primarily for the trial court. * * * In Goto et al. v. Lane, etc., 265 U.S. 393, 402, 44 S.Ct. 525, 527 (68 L.Ed. 1070), the court said: 'The Circuit Court in which the petitioners were tried and convicted undoubtedly had jurisdiction of the subject-matter and of their persons, and the sentence imposed was not in excess of its power. The offense charged was neither colorless nor an impossible one under the law. The construction to be put on the indictment, its sufficiency, and the effect to be given to the stipulation were all matters the determination of which rested primarily with that court. If it erred in determining them, its judgment was not for that reason void, * * * but subject to correction in regular course on writ of error.'

"As to review of the sufficiency of an indictment on habeas corpus proceedings, the Supreme Court says in Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 524 (69 L.Ed. 1036): 'It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved. It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings.' If the objection to the indictment is merely to a lack of certainty or other defect in the statement of facts to constitute the offense, it is not sufficient to sustain habeas corpus."

In Pellegrino v. Aderhold, Warden (D. C.) 54 F.(2d) 939, 940, the court said:

"Even though an indictment might have been found defective upon demurrer or appeal, it is not necessarily so fatal, upon its face, as to be open to collateral attack after trial and conviction. * * *

"It is the settled rule that habeas corpus calls in question only the jurisdiction of the court whose judgment is challenged, and that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings, or such proceedings used to take the place of an appeal."

 In view of the authorities, this court will not lend assistance in having the writ of habeas corpus perform the function of an appeal.

In any event, petitioner's only objection to the indictment is that it fails to state that the alteration charged was a "material alteration." The indictment shows on its face that the amount payable was changed; in the first count, from $6 to $66—obviously "material." And the same is true of each of the other counts appearing in the transcript before us.

The cases cited by appellant, Lewis v. U. S., 8 F.(2d) 849 (C.C.A.8); White v. Levine, 40 F.(2d) 502 (C.C.A.10); Martin v. White, 47 F.(2d) 835 (C.C.A.10), deal with forged indorsements and are distinguishable upon that ground.

The order of the District Court is affirmed.