## CRAIG v. UNITED STATES.
### No. 8395.

Circuit Court of Appeals, Ninth Circuit.
April 26, 1937.

John P. Beale, of San Francisco, Cal., E. T. McGann and Gavin Morse Craig, both of Los Angeles, Cal., and Gavin W. Craig, in pro. per., for appellant.

Peirson M. Hall, U. S. Atty., and M. G. Gallaher, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

Since the present appeal is from an order of the court below denying a writ of habeas corpus, it will be helpful to trace chronologically the various judicial steps taken in connection with the appellant's case.

On December 19, 1934, an indictment was returned in the court below against the appellant and two others, charging them with violation of the conspiracy statute, 18 U.S.C.A. § 88. The first count alleged that the defendants had conspired to secure, by corrupt means, dismissal of an indictment and prosecution in which John McKeon and others were charged with violations of 18 U.S.C.A. § 338, or using the mails in execution of a scheme to defraud, and with a violation of the conspiracy statute. The second count charged the same defendants with conspiring to obstruct justice by unlawfully securing the dismissal of the prosecution referred to in the first count, such dismissal to be brought about by giving money and other things of value to the same federal officials as those named in the first count. The second count alleged the same overt acts that were set out in the first count.

At the trial under this first indictment, after all the evidence had been introduced and both sides had rested and before the arguments of counsel to the jury, the defense moved to require the government to

elect upon which count it would proceed. After some colloquy with counsel, the court used the following language: "The Government elects to proceed on Count 2, and Count 1 is dismissed. * * * Or, rather, instead of dismissing, judgment entered in favor of the defendants on Count 1."

The jury failed to agree on a verdict on the second count, and was discharged.

On March 14, 1935, the grand jury returned another indictment against the same defendants in the court below. This charge, to which we will refer as the second indictment, involved the same transaction as the first indictment. There had been an indictment preceding the one to which we are here referring as the first, but it is not necessary to consider that earlier accusation.

The second indictment likewise was in two counts. The first count charged the defendants with conspiring to obstruct the due administration of justice in the mail fraud case referred to above, by corruptly securing the dismissal of that prosecution by influencing government officials, etc.

The second count charged each of the defendants with doing certain acts in an endeavor to procure corruptly the dismissal of the mail fraud case, etc.

Each of the defendants pleaded not guilty, filed a demurrer, both general and special, to each count of the indictment, entered a plea in bar and a plea of former jeopardy to the first count, and made a motion to quash each count.

The trial court granted the appellee's motion to strike the plea in bar and of former jeopardy, sustained the defendants' demurrers to the second count, overruled them as to the first count, upon which trial was thereafter had. The jury returned a verdict of guilty against the appellant herein and against another of the defendants, and a verdict of not guilty as to the third defendant. The appellant was sentenced to serve one year in a county jail and to pay a fine of $1,000.

On February 10, 1936, this court affirmed the judgment of conviction against the present appellant and his codefendant. Craig v. United States (C.C.A.) 81 F.(2d) 816.

On March 31, 1936, the Supreme Court dismissed an application by the appellant for a writ of certiorari, on the ground that it was premature, without prejudice to a renewal of the application within thirty days after action by this court on a pending petition for rehearing. 298 U.S. 637, 56 S.Ct. 670, 80 L.Ed. 1371.

On April 20, 1936, this court denied the petition for rehearing pending before it. 83 F.(2d) 450.

On June 1, 1936, the Supreme Court denied the appellant's petition for a writ of certiorari. 298 U.S. 690, 56 S.Ct. 959, 80 L. Ed. 1408.

On October 12, 1936, the Supreme Court denied the appellant's petition for a rehearing in that court. 299 U.S. 620, 57 S.Ct. 6, 81 L.Ed. ——.

On November 16, 1936, the appellant filed a petition for a writ of habeas corpus in the court below, alleging that during that month, on a day not specified, the court below had issued a commitment in execution of the judgment above referred to, and that "under color of authority of said commitment," the United States Marshal for the Southern District of California had taken the petitioner into custody and was illegally detaining him in Los Angeles, Cal.

The allegations of count 1 of the indictment and the gist of the evidence adduced against the appellant at the trial were summarized in our opinion on the first appeal, and need not be rehearsed here. Craig v. United States, supra (C.C.A.) 81 F.(2d) 816, at pages 820–826.

The appellant asserts that the two grounds upon which he now principally relies were not presented or considered on the first appeal.

The first of these grounds is "that the indictment fails to set forth any facts to identify or particularize either the official functions or the official capacities or the persons whom it is attempted to be charged that the accused conspired to corruptly influence to bring about the dismissal of the Italo Case," and that therefore "the indictment charges no offense against the United States and is wholly insufficient for any purpose."

In the first place, the appellant is in error when he asserts that this ground was neither presented nor considered on the first appeal. The question of the sufficiency of the indictment in any and all respects was raised by the general demurrer, and the overruling of the general demurrer was assigned as error.

In the index to his opening brief on the first appeal, the appellant stated that "The indictment nowhere alleges * * * (5) The name or the office of any official who

was to be influenced." In its reply brief, the appellee discussed this point, and, in turn, in his reply brief, the appellant devoted nearly two pages to the same question. Finally, in our opinion we disposed of this and similar contentions in the following language:

"Furthermore, it should be borne in mind that the offense which it is charged the appellants conspired to commit need not be stated with that particularity which would be required in an indictment charging the offense itself. [Many cases cited.]

"The details of a conspiracy are worked out and unfolded during its course. It would be holding a pleader to an inordinate degree of exactitude to compel him to allege each step with mathematical accuracy; for, when a plan is hatched, the conspirators themselves do not foresee all its ramifications."

The appellant's petition for a rehearing after our opinion on the first appeal was handed down, devoted an entire page to this same argument.

Assuredly, after this repeated and insistent contention that count 1 was defective for its lack of particularity as to the names or the duties of the officers to be bribed, we should have been lacking in the exercise of the judicial function had we not considered the point.

■ In any event, the insufficiency of the indictment cannot be considered in a habeas corpus proceeding.

■ It is well settled that "a writ of habeas corpus cannot be used to perform the office of a writ of error." Borrego (Gonzales) v. Cunningham, 164 U.S. 612, 621, 17 S.Ct. 182, 185, 41 L.Ed. 572; Storti v. Massachusetts, 183 U.S. 138, 141, 22 S.Ct. 72, 73, 46 L.Ed. 120; Whitney v. Dick, 202 U.S. 132, 136, 26 S.Ct. 584, 50 L.Ed. 963; Keizo v. Henry, 211 U.S. 146, 148, 29 S.Ct. 41, 42, 53 L.Ed. 125; Craig v. Hecht, 263 U.S. 255, 277, 44 S.Ct. 103, 68 L.Ed. 293; Woolsey v. Best, 299 U.S. 1, 2, 57 S.Ct. 2, 81 L.Ed. ——.

■ The appellant insists, however, "that lack of jurisdiction of the court rendering a judgment is a proper issue for presentation upon a petition for a writ of habeas corpus." This is a correct statement of the law. Keizo v. Henry, supra. It is not, however, applicable to the case at bar.

■ During the century that has elapsed from the days of Mr. Chief Justice Marshall to the present time, the Supreme Court has repeatedly enunciated the doctrine that "a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved," and that therefore "the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings." Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 524, 69 L.Ed. 1036; Van Gorder v. Johnston (C. C.A.9) 87 F.(2d) 654.

In Ex parte Watkins, 3 Pet. 193, 203, 209, 7 L.Ed. 650, Mr. Chief Justice Marshall said:

"The circuit court for the district of Columbia is a court of record, having general jurisdiction over criminal cases. An offence cognizable in any court, is cognizable in that court. If the offence be punishable by law, that court is competent to inflict the punishment. The judgment of such a tribunal has all the obligation which the judgment of any tribunal can have. To determine whether the offence charged in the indictment be legally punishable or not, is among the most unquestionable of its powers and duties. The decision of this question is the exercise of jurisdiction, whether the judgment be for or against the prisoner. The judgment is equally binding in the one case and in the other; and must remain in full force, unless reversed regularly by a superior court, capable of reversing it. * * *

"Had any offence against the laws of the United States been, in fact, committed, the circuit court for the district of Columbia could take cognizance of it. The question whether any offence was, or was not, committed, that is, whether the indictment did, or did not, show that an offence had been committed, was a question which that court was competent to decide. If its judgment was erroneous, a point which this court does not determine, still it is a judgment, and, until reversed, cannot be disregarded. * * *

"Without looking into the indictments under which the prosecution against the petitioner was conducted, we are unanimously of opinion, that the judgment of a court of general criminal jurisdiction justifies his imprisonment, and that the writ of habeas corpus ought not to be awarded."

The doctrine thus laid down by Mr. Chief Justice Marshall in the Watkins Case is by the appellant branded as "almost unthinkable." Nevertheless, it has remained the law of the land to the present day.

The appellant contends that the Watkins Case has been "in no uncertain terms expressly overruled" by In re Coy, 127 U.S. 731, 8 S.Ct. 1263, 32 L.Ed. 274, and he seeks to support that statement by quoting the following isolated sentence appearing on pages 757–758 of the opinion in 127 U.S., 8 S.Ct. 1263, 1272, 32 L.Ed. 274: "It certainly was not intended to say that because a federal court tries a prisoner for an ordinary common-law offense, as burglary, assault and battery, or larceny, with no averment or proof of any offense against the United States, or any connection with a statute of the United States, and punishes him by imprisonment, that he cannot be released by habeas corpus because the court which tried him had assumed jurisdiction."

The appellant, however, fails to quote the paragraph next following the foregoing excerpt, which clearly demonstrates that the doctrine of the Watkins Case has not been repudiated: "In all such cases, when the question of jurisdiction is raised, the point to be decided is whether the court has jurisdiction *of that class of offenses.* If the statute has invested the court which tried the prisoner with jurisdiction to punish a well-defined class of offenses, as forgery of its bonds or perjury in its courts, its judgment as to what acts were necessary under these statutes to constitute the crime is not reviewable on a writ of habeas corpus." (Italics our own.)

Indeed, from other language in the Coy opinion, it is quite clear that, far from "expressly overruling" the Watkins Case, the Supreme Court expressly approved the doctrine laid down by Mr. Chief Justice Marshall. After quoting extensively from Ex parte Watkins, which is described as "the leading case on the subject," the opinion in the Coy Case continues, at page 758 of 127 U.S., 8 S.Ct. 1263, 1272, 32 L.Ed. 274: "So, while we have attempted to answer the main argument of prisoners' counsel, that congress had no power to punish an act not specifically intended to affect the election of a member of congress, though the act was done with a felonious intent, and that if it had such power it has not exercised it, we thought it not necessary, under the principal laid down in Ex parte Watkins, to inquire into the sufficiency of the allegation of the more minute details of the offense as charged in the indictment. *We are not here to consider it as on a demurrer before trial. But, finding that the district court had a general jurisdiction of this class of offenses, we proceed no further in the inquiries on that subject."* (Italics our own.)

The decision in Ex parte Watkins has been frequently cited with approval by the Supreme Court. In Goto v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 527, 68 L.Ed. 1070, for example, it was said: "The circuit court in which the petitioners were tried and convicted undoubtedly had jurisdiction of the subject-matter and of their persons, and the sentence imposed was not in excess of its power. The offense charged was neither colorless nor an impossible one under the law. The construction to be put on the indictment, *its sufficiency* and the effect to be given to the stipulation were all matters the determination of which rested primarily with that court. If it erred in determining them, its judgment was not for that reason void (Ex parte Watkins, * * *) but subject to correction in regular course on writ of error." (Italics our own.) See, also, Ex parte Kearney, 7 Wheat. 38, 42–45, 5 L.Ed. 391 (opinion by Mr. Justice Story) ; Ex parte Parks, 93 U.S. 18, 20, 21, 23 L.Ed. 787 ; Ex parte Yarbrough, 110 U.S. 651, 654, 4 S.Ct. 152, 28 L.Ed. 274 ; In re Eckart, 166 U.S. 481, 483, 17 S.Ct. 638, 41 L.Ed. 1085 ; Dimmick v. Tompkins, 194 U.S. 540, 552, 24 S.Ct. 780, 48 L.Ed. 1110 ; Hyde v. Shine, 199 U.S. 62, 83–84, 25 S.Ct. 760, 50 L.Ed. 90 ; Matter of Gregory, 219 U.S. 210, 213, 214, 31 S.Ct. 143, 55 L.Ed. 184 ; 9 Hughes Federal Practice, Jurisdiction & Procedure, § 6940, p. 435.

The appellant seeks to minimize the effect of Knewel v. Egan, supra, by pointing out that the petitioner there had originally been convicted in a state court, and that the Supreme Court of the United States "has stressed that in such cases, not because of lack of jurisdiction, but as a rule of practice, a Federal court should not by habeas corpus declare the judgments of the highest courts of states to be nullities, when such courts have held that the trial courts had jurisdiction."

Most of the cases that we have cited or quoted above, however, arose in federal courts. It is therefore clear that, in cases originating in federal courts as well as those brought up from state tribunals, the Supreme Court has condemned the use of habeas corpus as a substitute for an appeal in testing the sufficiency of an indictment.

The second "new principal ground" now urged against the judgment of conviction

"is that this petitioner was acquitted of the offense charged in the indictment appealed from and for which he is now restrained of his liberty, by a judgment in a former trial of petitioner for the same offense."

Here again the appellant is in error in stating that this ground is "new." Before his trial upon the indictment involved herein, the appellant filed a "plea in bar and plea of once in jeopardy" in which precisely the same grounds were suggested to the trial court. That court's denial of the plea in bar and the plea of once in jeopardy formed, upon appeal to us, the basis for no fewer than three assignments of error, and the overruling of the appellant's objections to the introduction of testimony, on the ground of the alleged former acquittal, was urged as error in four other assignments.

This point, as well as the cognate question of res judicata, was extensively argued in the appellant's opening brief, in the appellee's reply brief, and the appellant's reply brief, on the former appeal.

An entire page of our opinion on the first appeal, as printed in 81 F.(2d) 816, 819, 820, is devoted to a discussion of our reasons for sustaining the action of the court below in granting the appellee's motion to strike the plea in bar and the plea of once in jeopardy.

In view of the foregoing showing, we are surprised to find the following emphatic statement in the appellant's brief on the present appeal:

"Neither by the assignment[s] nor by the specifications of error on the appeal from the judgment of conviction was this issue presented, nor is it mentioned in the opinion of this court affirming the judgment. The issue was presented to this court at that time *that the action of the Government's attorney in attempting to dismiss count one of the former indictment* constituted an acquittal. This court held that such action was a nolle prosequi, and as such did not bar a further prosecution of the same offense.

"In this collateral attack upon the judgment of conviction petitioner has argued and will insist here *that the court during the former trial rendered judgment for this petitioner and acquitted him of the same offense as that of which he was convicted,*" etc. (Italics our own.)

The identity between the point now urged and the point argued by the appellant on the first appeal is at once made obvious by the following passage in the appellant's

opening brief filed when the case was before us in the former proceeding (81 F.(2d) 816): "The first point to be decided is what was the effect of the Trial Court's *order directing judgment* for Appellant as to Count One of the Indictment on the former trial? * * * It, therefore, clearly appears that Appellant did not consent or agree to a dismissal of Count One of the Indictment, but rather, made a motion for an instructed verdict of not guilty, and that *the Court ordered judgment in such form as would, in substance, respond to the motion made.*" (Italics our own.)

An examination of our former opinion discloses that we fully considered the point now raised by the appellant. We there set out in full the part of the transcript dealing with the action of the lower court resulting in a "judgment entered in favor of the defendants on count 1," stated fully the appellant's position on the question, and said, at page 819 of 81 F.(2d):

"The appellants, however, are in error when they state that count 1 of the first indictment was dismissed or abandoned without their consent. The very portion of the record quoted by the appellants, and set out above, shows that their counsel renewed 'the motion made to compel the Government to elect to further proceed upon one or the other count of the indictment, rather than upon both counts.'

"When a nolle prosequi as to one count is entered with the consent of the defendant, even after all the evidence is in, such dismissal does not operate as a bar to a subsequent indictment for the same offense." (Many cases cited.)

After considerable further discussion of the proceedings in the court below and the appellants' argument in connection therewith we disagreed with such contention, saying: "We do not think that such an application of the rule as to former jeopardy is a reasonable one, and we decline to adopt it" (page 819 of 81 F.(2d).

■ Furthermore, the authorities hereinabove referred to, dealing with the limited scope of review permitted in a habeas corpus proceeding, are equally applicable to this question of former jeopardy. The plea in bar was squarely presented to the court below, and its ruling was sustained by this court on the former appeal. The question cannot now be relitigated in a hearing on a petition for habeas corpus. In Keizo v. Henry, supra, for example, the court said:

"But no court may properly release a prisoner under conviction and sentence of another court, unless for want of jurisdiction of the cause or person, or for some other matter rendering its proceedings void. Where a court has jurisdiction, mere errors which have been committed in the course of the proceedings cannot be corrected upon a writ of habeas corpus, which may not, in this manner, usurp the functions of a writ of error. [Many cases cited.]"

So here, the court below had jurisdiction of the person of the appellant and "of that class of offenses" with which he was charged. That being so, if the court below erred in denying the plea at bar based upon former jeopardy, such error cannot be corrected in a habeas corpus proceeding. "If the questions presented involved the application of constitutional principles, that alone did not alter the rule." Goto v. Lane, supra.

The foregoing disposes of the appellant's principal contentions in the present proceeding. Other matters now brought up by the appellant were decided adversely to him on the former appeal. In our previous opinion we said, at page 831 of 81 F.(2d): "There are twenty-five assignments of error. Each of these assignments is listed as a 'specification' in the appellants' main brief, and it is asserted that each is relied upon as pointing out prejudicial error. We have here discussed, however, only those assignments that are argued in the briefs. As to the others, we might well have felt at liberty to disregard the points thereby raised. See Forno v. Coyle (C.C.A.9) 75 F.(2d) 692, 695, and cases there cited. Nevertheless, we have examined all the other assignments, and have found them to be without merit."

In the language of Storti v. Massachusetts, supra: "The grounds set forth in this petition for a discharge by the Federal court of the petitioner from the custody of the warden are wholly without foundation, and the case is another of the numerous instances in which, as said by Mr. Chief Justice Fuller, in Craemer v. State of Washington, 168 U.S. 124, 128, 18 S.Ct. 1, 2, 42 L. Ed. 407, 408, 'applications for the writ have been made, and appeals taken from refusals to grant it, quite destitute of meritorious grounds, and operating only to delay the administration of justice.' "

The appellant has had more than his day in court. He has had many days in court. He was tried and convicted by a jury of his peers. That judgment was affirmed by this court. Rehearing on the affirmance was denied. The Supreme Court of the United States first dismissed his application for certiorari on the ground that such application was premature, later denied the petition on its merits, and finally refused rehearing on that denial. The court below denied the appellant's petition for a writ of habeas corpus, and we now affirm that denial.

There must be an end to litigation, even in the criminal field.

The order and judgment denying the appellant's petition for a writ of habeas corpus is affirmed.