**FORTHOFFER v. SWOPE, Warden.**
No. 9017.

Circuit Court of Appeals, Ninth Circuit.
April 21, 1939.

708

Peter J. Forthoffer, in pro. per.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

Peter J. Forthoffer, an inmate of the United States Penitentiary at McNeil Island, Washington, petitioned the court below for a writ of habeas corpus, and, from, a denial of his petition, brings this appeal. Forthoffer had pleaded guilty on February 17, 1936, before the District Court of the United States for the Southern District of California, Central Division, to an indictment charging him with a felonious assault with a dangerous weapon upon a clerk of a branch United States Postoffice (18 U.S.C.A. § 320), and was sentenced to a term of imprisonment of 25 years in a Federal Penitentiary. He contended in his petition for writ of habeas corpus that the statute of limitations had run against the crime, in that the alleged date of its commission was on or about September 3, 1932, while the indictment was not returned until December 11, 1935; and, further, that at the time of entering his plea of guilty, he was legally incompetent by reason of temporary insanity.

He contends that he was not a fugitive from justice; that he maintained his usual place of abode; that he did not conceal himself; and that, therefore, the statute of limitations was not tolled, but ran its course and was a bar to prosecution for the crime at the time of the return of the indictment.

The statutory period of limitation of prosecution for such crime is 3 years (18 U.S.C.A. § 582), but that statute does not extend to persons fleeing from justice (18 U.S.C.A. § 583).

"It is a settled rule of criminal law in the courts of the United States that the statute of limitations does not run in favor of fugitives from justice. * * *

"A fugitive from justice is a person who having committed a crime in violation of the laws of the United States flees from the jurisdiction of the court where the crime was committed, * * * or departs from his usual place of abode and conceals himself within the district." United States v. Farrell, 8 Cir., 87 F.2d 957, 960. See, also, Greene v. United States, 5 Cir., 154 F. 401, 411.

Forthoffer pleaded guilty to the crime charged in the indictment and as a result of that plea received the sentence from which he now endeavors to escape. "Such a plea means guilty as charged in the indictment" (Longsdorf, Cyc.Fed.Proc., vol. 5, § 2182, p. 608) ; is an admission of record of the truth of whatever is sufficiently charged in the indictment (14 Am.Jur., § 272, pp. 952, 953) ; waives all defenses other than that the indictment charged no offense under the laws of the United States (Rice v. United States, 5 Cir., 30 F.2d 681; Kachnic v. United States, 9 Cir., 53 F.2d 312, 315, 79 A.L.R. 1366) ; and relieves the prosecution of the duty to prove the facts. United States v. Luvisch et al., D.C., Mich., 17 F.2d 200, 202.

In this connection it is pertinent to observe that the indictment under which the judgment was rendered charged: "And the grand jurors aforesaid, upon their oath aforesaid, do further present that the defendant thereafter, and on or about said 3rd day of September, 1932, departed from his usual place of abode, and has, since that time, concealed himself to avoid detection and punishment for said offense hereinabove alleged; * * *."

The plea of guilty admitted the allegations contained in this paragraph and relieved the prosecution of the duty of proving the facts. Morever, such an allegation was wholly unnecessary. Ferebee v. United States, 4 Cir., 295 F. 850. It may even

be said that defendant's plea prevented the prosecution from proving such facts by removing the necessity therefor. The appellant is not now to be allowed to dispute the truth of that which he heretofore admitted, because we must assume the prosecution could have proven the facts and was ready to do so until relieved of that duty by the plea of the defendant which admitted that allegation, along with all the other well pleaded facts in the indictment.

 A plea of the statute of limitations is a plea in bar; it may be raised by a special plea but, on the other hand, it is also in issue under a plea of not guilty. Longsdorf, vol. 5, § 2157, p. 597. The defense is available on appeal, but cannot be considered on appeal where not urged in the trial court. Pruett v. United States, 9 Cir., 3 F.2d 353, 354. The plea of the statute of limitation was not brought to the attention of the District Court which sentenced Forthoffer and appealable matters may not be considered on petition for writ of habeas corpus.

 The writ of habeas corpus may not be made to perform the function of an appeal. Van Gorder v. Johnston, 9 Cir., 87 F.2d 654, 655. The defendant, even though pleading guilty, was not prevented thereby from taking advantage by appeal of any defects apparent of record. 14 Am. Jur., Crim.Law, § 272, p. 953. "It is the settled rule that habeas corpus calls in question only the jurisdiction of the court whose judgment is challenged, and that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings, or such proceedings used to take the place of an appeal." Pellegrino v. Aderhold, D.C., 54 F.2d 939, 940. See, also, Van Gorder v. Johnston, supra; Knewel v. Egan, 268 U. S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; Craig v. United States, 9 Cir., 89 F.2d 980.

 There remains only the question raised by the allegation that appellant was temporarily insane at the time of the trial. The appellant's argument is not supported by authorities, nor does it appear seriously to be relied upon. However, in conformity with our conception of judicial duty we have examined and studied the question.

"It is fundamental that an insane person can neither plead to an arraignment, be subjected to a trial, or, after trial, receive judgment, or, after judgment, undergo punishment." Youtsey v. United States, 6 Cir., 97 F. 937, 940. Smoot, Law of Insanity, § 452, pp. 376, 377, reads as follows: "Where a person becomes insane after the commission of the crime, * *. While such subsequent insanity acts as a stay of punishment, and usually of trial as well, it does not excuse the crime or exempt from guilt. [Cf. In re Buchanan, 129 Cal. 330, 61 P. 1120, 50 L.R.A. 378] At common law a person could not be tried while he was insane, because his helpless condition rendered him incapable of making a proper defense; and this is the rule in the American States, * * *. The general practice is that, where the defendant is found to be insane, the trial is stopped pending the prisoner's recovery, and, until he does recover, the prisoner may be remanded to an asylum or other proper form of restraint." See, also, 16 C.J. § 73, p. 99, and 16 C.J. § 828, p. 457.

It thus appears that if the appellant was insane at the time he was tried, he could not have legally waived counsel or pleaded guilty to the indictment for the reason that he was incapable of making a proper defense.

It is said in 14 Am.Jur., Crim.Law, § 46, p. 803: "Various remedies are available to one who has been convicted of a crime while insane. In some jurisdictions, an application for a writ of error coram nobis is proper; in others, the courts have recognized the right of the defendant, after conviction, to raise by a motion for new trial the question of his sanity at the time of trial; and in still others, the judgment has been reversed on appeal or error, where the trial judge refused to inquire into the insanity of the accused or refused to admit evidence offered to prove the defendant's insanity. The limited number of decisions bearing upon the point fail to any satisfactory degree to determine whether a motion in arrest of judgment is a proper remedy in such cases." See, also, 10 A.L.R. 213-217; Smoot, Law of Insanity, § 453, p. 377.

It thus appears that the petition for a writ of habeas corpus was not ordinarily the proper vehicle to raise the question of fact as to the insanity of defendant at the time of trial.

 At common law habeas corpus would lie where the judgment, sentence, or order was fatally defective upon the face of the record; the writ could be invoked only where lack of jurisdiction patently appeared if the court was of general jurisdiction; and it could not be employed to retry the

issues, whether of law, constitutional or other, or of fact. 29 C.J. § 46, p. 54; 29 C.J. § 20, p. 33; Zoline's Fed.Crim.Law, vol. 1, § 530, p. 435; Glasgow v. Moyer, etc., 225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147.

However, the rights of a party on petition for a writ of habeas corpus have been considerably expanded since the filing of the opinion of the Supreme Court in Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461, reversing 5 Cir., 92 F.2d 748. There the Supreme Court said, 304 U.S. at page 467, 58 S.Ct. at page 1024, 82 L.Ed. 1461, "To deprive a citizen of his only effective remedy [Habeas corpus] would not only be contrary to the 'rudimentary demands of justice' but destructive of a constitutional guaranty specifically designed to prevent injustice." [The court was here referring to the Sixth Amendment to the Constitution of the United States U.S.C.A.] We also have in mind its admonition in the same case, 304 U.S. at page 468, 58 S.Ct. at page 1025, 82 L.Ed. 1461, "A judge of the United States—to whom a petition for habeas corpus is addressed—should be alert to examine 'the facts for himself when if true as alleged they make the trial absolutely void.'"

Nevertheless, we must not lose sight of the fact that the burden of proof rests upon the petitioner to offer facts which would justify a court of the United States in setting aside a judgment of another court of the United States, a thing not lightly to be undertaken. Alleged insanity of the petitioner at the time of his trial and conviction would not, perhaps, ordinarily move us to such serious consideration in the face of the authorities, were it not for Johnson v. Zerbst, supra, and the possibility that an insane person could not competently and intelligently waive his constitutional (Sixth Amendment) right to assistance of counsel.

A statement of the facts upon which the petition is based may prove illuminating. In the original petition for writ of habeas corpus but one sentence was devoted to the assertion of incompetency to enter a plea by reason of temporary insanity, but a supplemental petition was filed, which again contained no more than a bald statement of that allegation. A deposition of one C. D. Lowe, a Postoffice Inspector, who had investigated the case, expressed the opinion that the

deponent had no reason to believe Forthoffer incompetent by reason of insanity, either temporary or permanent, and went on to state that Forthoffer received treatment in the hospitalization ward of the county jail in Los Angeles, Calif., but that the treatment was not because of his mental condition. It further appeared from the deposition of Lowe that the Assistant United States District Attorney requested the court to inform Forthoffer that in the event of his entering a plea of guilty, a sentence of 25 years' imprisonment was mandatory, and that Forthoffer stated that he previously had been informed of the nature of the sentence, and, upon being sentenced, requested the court that he be confined at Leavenworth Penitentiary instead of McNeil Island because of the state of his health. E. D. Chance, another Postoffice Inspector, was present in court when Forthoffer was sentenced. He stated in a deposition that he had no reason to believe the defendant incompetent by reason of insanity, at any time; that the Clerk of the Court inquired of Forthoffer whether he had an attorney and whether he wanted one employed for him, to which Forthoffer gave negative answer; that the Assistant United States District Attorney requested the court to inform the defendant that the 25 year sentence was mandatory, which was done and to which the defendant replied that he was familiar with the fact and desired to enter a plea of guilty. Jack L. Powell also gave his deposition, in which he stated that he represented the Government in the case as assistant district attorney; that he had been advised by Lowe that Forthoffer faced a possible life sentence in the State court as a habitual criminal and knew the penalty for the crime of which he was charged was 25 years' imprisonment; that he had no reason to believe Forthoffer legally incompetent by reason of insanity but, to the contrary, defendant at all times appeared reasonable and in the full possession of his faculties; that to his knowledge the trial court was not advised that the defendant was not mentally competent to understand the charges against him nor did the trial court have any reason to believe such to be the fact; that defendant was advised of his right to be represented by counsel and stated he did not desire counsel; that the Clerk of the court so informed the defendant. None of the exhibits throw any light upon the mental condition of the appellant at the time of the trial, before, or since.

The above is all the evidence we have been able to glean from the record on this point. Obviously, there is no evidence whatsoever tending in the slightest degree to sustain the burden of proof which rests upon the petitioner.

Furthermore, nothing has been offered tending to prove that defendant's rights were not carefully guarded throughout the proceeding, nor do we find anything in the record or briefs to cast doubt upon the presumption of regularity to which the judgment of a court of the United States is entitled. Cf. Hall v. Johnston, 9 Cir., 86 F.2d 820.

The question of waiver of counsel is also covered by the depositions outlined above and we are satisfied that the defendant was fully advised of his right to be represented by counsel.

The order of the District Court is affirmed.