UNITED STATES of America ex rel.
LeRoy COBB,

v.

Angelo C. CAVELL, Warden, Western
State Penitentiary, Commonwealth
of Pennsylvania.

Civ. A. No. 16669.

United States District Court
W. D. Pennsylvania.

April 4, 1958.

Edward R. McMillin, II, Pittsburgh, Pa., for relator, LeRoy Cobb.

Charles L. Durham, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

MARSH, District Judge.

The petition of LeRoy Cobb for a writ of habeas corpus was presented together with application to proceed in forma pauperis; the latter request was granted. A rule was issued to show cause why the writ should not be granted and a hearing held as prayed for by petitioner. Answers were filed by the respondent and by the District Attorney of Philadelphia County.[1] It did not appear at the hearing on the rule to show cause that relator had ever had a hearing before any court on the allegations of fact contained in his petition, although it appeared that he had filed about 8 petitions for writs in the state and federal courts in Philadelphia.[2] Consequently, it was thought that a hearing was required and Wednesday, March 26, 1958, at 10:00 o'clock A.M. in this court was fixed as the time and place. Notice was served upon the Attorney General and the District Attorney of Philadelphia County. A writ of habeas corpus was issued directing respondent to produce the body of LeRoy Cobb before this court.[3]

At the hearing in this court the relator and his appointed counsel appeared. No one appeared for respondent and relator's testimony was heard ex parte.

From the pleadings, trial record, and official documents at hand, it appears that relator was arrested on August 19, 1943, and indicted in the criminal courts of Philadelphia County on August 23, 1943, at No. 360 August Sessions, 1943, on a charge of burglary with intent to steal. When the case was called for trial on August 25, 1943, the relator pleaded not guilty. Joseph Levy, Esq., then a member of the Philadelphia Voluntary Defender Association was appointed by the court to defend him. The same day a jury returned a verdict of guilty.

It further appears that on September 24, 1943, relator was sentenced to imprisonment in the Eastern State Penitentiary for a period of not less than 10 nor more than 20 years by Judge James C. Crumlish; that later the minimum sentence was commuted to 3 years, 11 months, and relator was paroled on July 22, 1947; on October 30, 1953, relator was returned to the Penitentiary as a parole violator; he was re-paroled on September 28, 1955; and on August 3, 1956, he was returned to prison as a parole violator. He is now serving in the Western State Penitentiary as a parole violator the sentence imposed on September 24, 1943. The maximum term for parole violation will expire on January 23, 1964.

Respondent does not contest the jurisdiction of this court, and it appears that relator has exhausted his state remedies.

In the state courts and in his current petition here, relator contends that his conviction, sentence and present detention are illegal on the grounds: (1) That he was not given a notice for trial. ("Tried five days after arrest.") (2) That he was denied a continuance in order to prepare a defense. (3) That he did not see the jury selected. (4) That there was prejudicial error in the conduct of the trial. (5) That the prose-

[1] The District Attorney advised that he was unable to attend the hearing on the rule to show cause.

[2] Two of these petitions were in the District Court of the United States for the Eastern District of Pennsylvania. See résumé of petitions filed in the state courts in Philadelphia County in Memorandum Opinion filed in the unreported opinion of Cobb v. Cavell, Civil Action 15977, D.C.W.D.Pa., under date of July 19, 1957.

[3] Following the hearing on the rule to show cause, at the court's written request, the District Attorney of Philadelphia County forwarded a copy of relator's petition for writ of habeas corpus filed in the Common Pleas Court of Philadelphia County on January 15, 1954, at No. 3753 December Term, 1953, C.P. No. 3, copy of respondent's answer, copy of Commonwealth's answer, and copy of opinion of Judge Griffiths under date of April 20, 1954 dismissing the petition. This opinion disclosed that relator was given a hearing by Judge Griffiths, but the District Attorney advised that a copy of the transcript was not available to him at the time he forwarded these documents. No transcript has since been received.

cution failed to prove a charge of burglary and failed to prove criminal intent on the part of the relator. (6) That the sentence of 10 to 20 years in the Penitentiary was illegal. (7) That relator was forced to stand trial while in a state of insanity. (8) That he was denied due process of law, equal protection of the laws, and that the court failed to observe fundamental fairness.

■ Relator's first contention in itself is without merit. He testified that he was arrested and given a preliminary hearing before a magistrate, at which he was held for trial.

■ His second contention is not supported by credible evidence. Relator testified that when his case was called, he asked the judge for a continuance. He told the judge that his home was in Butler County, Pennsylvania; that he had written his brother to send money for his defense; and would appreciate it if the judge would grant a continuance until he could prepare a proper case. Thereupon, he says, the judge refused a continuance and appointed Attorney Levy to try the case.

It is doubtful that such a motion was made. The transcript of the trial does not disclose any motion for continuance made by the appointed counsel or by relator. If made orally by relator, it was not renewed or pressed by his counsel. Hence, we find as a fact that no motion for continuance was made, or if it was made, it was abandoned. There was no corroboration of relator's testimony by his brother or any other member of his family. It does not appear that any of them have come to his aid financially in the numerous legal proceedings relator has instituted since his conviction. He has always acted pro se. Relator's credibility is impeached by his record of prior crimes of dishonesty.

In the 1954 habeas corpus hearing, Judge Griffiths did not find as a fact that a motion for continuance had been made; if made, he thought that on the testimony before him, it was not an abuse of discretion on the part of Judge Crumlish to refuse it. Avery v. State of Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.

■ Relator's third contention is without merit. We find that he did not see the jury selected and that a jury was in the box when his case was called, but he testified that his lawyer asked him if he knew anyone on the jury and he replied that he did not. The record and the evidence here do not disclose that relator was denied the opportunity to exercise his right to challenge any member of the jury.

■ We fail to find any merit in relator's 4th and 8th contentions. Relator's testimony fails to establish that he was a victim of fundamental unfairness or was convicted without due process of law in violation of his constitutional rights. Nor do the notes of the trial testimony and proceedings prior to sentence support these contentions.

■■ With respect to the fifth contention, the record discloses that the Commonwealth proved a prima facie case of burglary with sufficient evidence from which the jury could infer an intent to steal. If it was thought that the weight of the evidence was not sufficient to sustain the verdict, that was a matter for a motion for a new trial or appeal. Habeas corpus is not a proper substitute for either a motion for a new trial or an appeal; it cannot ordinarily be used to correct trial errors. See: United States v. Rosenberg, 2 Cir., 1952, 200 F.2d 666, 668.

■ The sixth contention that the sentence was illegal is without substance. The Act of Assembly prescribes the penalty for the felony of burglary to be a fine of not exceeding $10,000, or imprisonment not exceeding 20 years, or both. Act of 1939, June 24, P.L. 872, § 901, 18 Purdon's Pa.Stat.Ann. § 4901. From the transcript it appears that the trial judge conducted a thorough investigation of relator's past activities and questioned him extensively in respect thereto. It does not appear that his appointed counsel was present when the colloquies

occurred or at the time of sentence; but relator has not averred, either in the state courts or here, that he was prejudiced by the absence of counsel. He insists in his many petitions that the sentence was too severe, but if he had behaved himself after he was released twice on parole, he would not now be in prison. It seems that his propensity for getting into trouble is induced by alcohol. He testified that he was an alcoholic. If true, he may be a subject for rehabilitation rather than punishment in the penitentiary, but that is a matter within the exclusive jurisdiction of the state correctional authorities.

■■ In regard to relator's seventh contention, we find as a fact that he was not insane at the time of trial. Although he testified that he was drugged, it is evident that the drugs he took were pain relievers prescribed or administered by a prison physician, and the record and his testimony here clearly show that he was able intelligently to answer questions and was capable of assisting in his defense. Neither his trial counsel nor the court made any reference to his mental condition in the record. Also, there is a presumption that he was sane at the time of trial and had the capacity to assist in his defense. This presumption has not been rebutted by any credible evidence. Both his appointed counsel and this court sought to procure the medical records of the Philadelphia Jail as they pertained to relator prior to trial, but due to the lapse of time and the disability of the physician alleged to have attended him, such efforts were not productive. See Bishop v. United States, 1955, 96 U.S. App.D.C. 117, 223 F.2d 582, remanded for hearing on the sanity of the petitioner 350 U.S. 961, 76 S.Ct. 440, 100 L. Ed. 835; Forthoffer v. Swope, 9 Cir., 1939, 103 F.2d 707; Sanders v. Allen, 1938, 69 App.D.C. 307, 100 F.2d 717.

Further in this connection, it is significant that relator did not complain in 1954 in his petition for a writ to the Common Pleas Court of Philadelphia County at No. 3753 December Term, 1953, C.P. No. 3, that he was insane or under the influence of drugs at the time of trial.

In view of the presumption of regularity which attaches to a trial of a non-capital felony, the court is constrained to conclude that the relator has failed to meet his burden of establishing any of the allegations of fact contained in his petition which would justify the issuance of a writ of habeas corpus, and his legal grounds are all without substance. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

An appropriate order will be entered denying the petition for a writ of habeas corpus.