**UNITED STATES ex rel. Arthur Grover SCHUCK**

v.

**J. F. MARONEY, Superintendent, State Correctional Institution at Pittsburgh.**

Civ. No. 61–61.

United States District Court
W. D. Pennsylvania.

March 13, 1961.

John V. Snee, Pittsburgh, Pa., for petitioner, Arthur Schuck.

Anne X. Alpern, Atty. Gen. of Pennsylvania, Frank P. Lawley, Jr., Deputy Atty. Gen., Joseph S. Walko, First Asst. Dist. Atty. of Beaver County, Clarence D. Neish, Asst. Dist. Atty. of Beaver County, Beaver, Pa., for defendant.

MARSH, District Judge.

Although it is alleged in the petition for a writ of habeas corpus here under consideration that the relator has exhausted his State remedies, at the hearing on the rule to show cause, relator's counsel admitted that relator has not; i. e., no appeal or petition for a writ of certiorari was taken to the Supreme Court of the United States from the decision of the Supreme Court of Pennsylvania[1] affirming relator's conviction of murder in the first degree, Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, and the time within which to do so has long since expired. Brown v. Allen, 344 U.S. 443, 487, 73 S.Ct. 397, 97 L.Ed. 469. Moreover, several of the grounds raised in the petition for the writ, including prejudicial publicity, were not presented to or passed upon by the State Courts in relator's appeal for a new trial. As to these particular grounds, relator has not exhausted his State remedies, and they may not be considered initially in this court. Darr v. Burford, supra; United States ex rel. Ackerman v. Johnston, 3 Cir., 1956, 235 F.2d 958.

1. Commonwealth v. Schuck, 1960, 401 Pa. 222, 164 A.2d 13.

 Those grounds raised in the petition which were presented to and considered by the State Courts do not appear to involve substantial federal questions. They consist simply of alleged trial errors and alleged newly-discovered evidence by means of which relator sought to gain a new trial. All of them were fully considered by the State Courts and rejected. From my examination of the trial records, I find them to be clearly without substance or merit. Alleged trial errors and newly-discovered evidence are properly subjects for a motion for a new trial and appeal; habeas corpus is not a proper substitute for either a motion for a new trial or an appeal; it cannot ordinarily be used to correct trial errors. Brown v. Allen, supra, 344 U.S. at page 485, 73 S.Ct. at page 421; United States v. Rosenberg, 2 Cir., 1952, 200 F.2d 666, 668; United States ex rel. Cobb v. Cavell, D.C.W.D.Pa.1958, 161 F.Supp. 174, affirmed 3 Cir., 258 F.2d 946; United States ex rel. Thompson v. Price, D.C.W. D.Pa.1957, 156 F.Supp. 578, 580–581, affirmed 3 Cir., 258 F.2d 918; Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461. It does not appear from the trial records that relator has been deprived of any federal constitutional right amounting to a denial of due process of law or the essence of a fair trial; argument to the contrary and non-factual allegations amounting to mere legal conclusions cannot overcome that which plainly appears from the records.

An order dismissing the petition for the writ and vacating the stay of execution will be entered.