**Macicle E. POTEAT, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–11–L.**

United States District Court
W. D. Virginia,
Lynchburg Division.

June 9, 1967.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent, C. C. Peyton.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Macicle Edward Poteat, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis.* The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on March 23, 1967.

Petitioner is now serving a twenty (20) year sentence for armed robbery following his conviction in the Circuit Court of Buckingham County, Virginia. His sentence was imposed on April 14, 1964.

Petitioner sought state habeas corpus relief which was denied in a plenary hearing before the Circuit Court of Buckingham County on August 27, 1965. The Virginia Supreme Court denied a writ of error to this judgment on October 7, 1966. He is, therefore, properly before this court having exhausted all available state remedies at the time of this application for habeas corpus as re-

quired by 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The record reveals the following uncontested facts:

Due to petitioner's financial condition, the trial court appointed an attorney to represent him at the trial. Petitioner was tried without a jury on April 14, 1964, the day of his indictment. Petitioner's attorney made a motion to commit petitioner for a mental examination because he knew petitioner had been previously in a mental institution. The Commonwealth's attorney objected to the motion and the court conducted a hearing on the petitioner's sanity. The judge questioned the petitioner at length concerning his background and record of mental disorders. No medical testimony was given at the trial. There is confusion as to exactly what petitioner told the trial judge of his background. He stated that he was an escapee of St. Elizabeth's Hospital in Washington, D. C. at the time of the robbery, but it is not clear whether petitioner showed the court that he had been in a mental institution for a number of years. Petitioner also told the judge that he was allowed to leave the mental institution to work. The major grounds of dispute involved the question whether petitioner presented sufficient evidence to make a prima facie showing of insanity that would demand a mental examination. After hearing all the evidence, the petitioner's motion was denied. He then plead guilty on the advice of his court-appointed attorney and two other attorneys who were called in to help explain the situation to petitioner. Petitioner was sentence to twenty (20) years in the State Penitentiary. He now comes before this court seeking relief from that conviction.

The grounds on which petitioner seeks relief are as follows:

(1) Petitioner contends that the trial judge's denial of his motion to have a mental examination was an abuse of discretion amounting to a denial of due process.

(2) Petitioner contends that he was inadequately represented by counsel at his trial.

■■■ Section 19.1–227 of the Virginia Code as in effect at the time of the trial prohibits the trial of any person for a criminal offense while he is insane. There is, however, a presumption under Virginia law that an accused is sane at trial unless his insanity is proved by evidence to the contrary. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). If the trial court has reason to doubt his sanity, it may either commit the defendant to a mental institution for examination, appoint a number of physicians skilled in the field of insanity to examine such person (Code of Va. § 19.1–228 (1950)), or empanel a jury to ascertain the defendant's mental capacity (Code of Va. § 19.1–229 (1950)). The trial court's choice is discretionary and its denial of petitioner's motion for a mental examination before trial will not be disturbed unless it is clearly shown that the trial court abused its discretion. Owsley v. Cunningham, 190 F.Supp. 608 (E.D.Va.1961); Tilton v. Commonwealth, 196 Va. 774, 85 S.E. 2d 368 (1955). In Thomas v. Cunningham, supra, 313 F.2d p. 940, the court said "To be sure, a denial of a motion for pre-trial examination cannot be assailed except for abuse of discretion." The court also stated in that case that

"Proceeding on a motion for pre-trial commitment for observation and report, Thomas was not required to prove actual insanity, as is necessary under Virginia law where lack of criminal responsibility is asserted as an affirmative defense. His sole burden was to adduce facts sufficient to create in the court's mind 'reasonable ground to doubt his sanity.' "

In the *Thomas* case which also involved a defendant's motion for a pre-trial mental examination the court held that the trial court's denial of the motion was "so arbitrary as to constitute a denial of due process" since the defendant had established his insanity by "reliable and uncontroverted sworn medical testimony."

■■ The record in the case at bar, however, indicated that there was no prima facie showing of insanity that would cause the court to doubt the petitioner's sanity and, thus, there was no abuse of discretion by the trial court in denying petitioner's motion. The trial court obtained most of its evidence from the testimony of the petitioner at its hearing. His attorney at the trial testified in the state habeas corpus proceeding that the trial judge adequately examined the petitioner as to his mental condition. The attorney testified that the judge "examined this man (the petitioner) very, very thoroughly as to all of his past record along this line." Petitioner's testimony that he was an escapee from a mental institution at the time of the robbery did not make out a prima facie case since the record also reveals that at the time of his unconditional release from St. Elizabeth's Hospital on March 23, 1964, approximately three weeks before his trial, the medical officer at St. Elizabeth's had said that "it was my opinion that he showed no phychotic symptomotology." His diagnosis upon release was, therefore, "Without Mental Disorder." Nor does the fact that petitioner had been in a mental institution on different occasions make out a prima facie case since that fact was not established before the trial court. Petitioner's contention that the trial court abused its discretion is rejected accordingly.

■■ Petitioner's second contention that he was denied adaquate representation of counsel is also rejected. No specific basis for asserting inadequate representation was expressed, but the record indicates that a claim of inadequate representation of counsel might be based on the failure of petitioner's attorney to ask for a continuance to allow for more thorough investigation into petitioner's sanity. The record shows that his attorney had been practicing for five years and was familiar with criminal work. It also shows that his attorney with the aid of two other competent attorneys advised the petitioner to plead guilty rather than seek a continuance since they felt that under the circumstances a plea of guilty would be in the best interests of the petitioner. It is clear that a mistake in judgment or trial tactics does not deny petitioner of any constitutional rights and is, therefore, no grounds for habeas corpus. Tompa v. Commonwealth, 331 F.2d 552 (4th Cir. 1964). "It is only in such extreme instances where the representation has been so inadequate as to make a farce of the trial that it can be said that the prisoner was deprived of his constitutional rights." Snead v. Smyth, 273 F.2d 838, 842 (4th Cir. 1959). This is not shown to be the case here.

Neither of petitioners contentions provide an adequate basis of relief and, therefore, it is adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied. A certified copy of the opinion and judgment is directed to be sent to the petitioner and to the respondent.