**Macicle A. E. POTEAT, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–17–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

June 11, 1971.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes to the attention of the district court upon a petition for a writ of habeas corpus, filed in forma pauperis by Macicle A. Poteat, a state prisoner, pursuant to the provisions of Title 28 U.S.C., sections 2241 and 2254.

Petitioner is currently serving a sentence of twenty years in the state penitentiary pursuant to a judgment of the Circuit Court of Buckingham County imposed on April 14, 1964 for armed robbery.

Petitioner, represented by court appointed counsel, entered a plea of guilty and was sentenced to twenty years upon his plea of guilty by the court after hearing the evidence adduced by the Commonwealth and the recommendation of the Commonwealth's Attorney. No direct appeal was taken from his conviction based upon his guilty plea.

Since then the petitioner has filed petitions for writs of habeas corpus in both the state and federal courts.

The petitioner was appointed counsel to assist him at his state habeas corpus hearing which was held on August 24, 1965 by Judge William W. Sweeney designated to sit in the Circuit Court for Buckingham County.

At that plenary evidentiary hearing the petitioner was given an opportunity to explore his allegations concerning the denial of due process of law, ineffective representation by counsel and the denial of a mental examination. On the basis of the record developed at the plenary hearing, relief upon these grounds was denied because the petitioner had failed to substantiate his allegations.

This denial of habeas corpus relief by the trial court was reviewed by the Virginia Supreme Court of Appeals which denied the petitioner's writ of error and supersedeas on October 10, 1966.

■ Subsequently, the petitioner has filed two petitions for habeas corpus relief in this court wherein he raised the exact same issues of denial of due process of law, ineffective representation by counsel and denial of a mental examination. These allegations have previously been considered and dismissed by this court in Poteat v. Peyton, D.C., 270 F. Supp. 220 and Poteat v. Cox, Case No. 69–C–36–L relying on the state court determinations of fact made in the plenary hearing. These issues have been fully developed and considered by this court in previous petitions and therefore the inclusion of such allegations in the present petition is improper and merely repetitious. Since this court has already passed upon the merits of these allegations, the petition should be rejected insofar as it relies on these previously considered grounds. Alford v. North Caroline, 405 F.2d 340 (4th Cir. 1968).

The petitioner's present petition for a writ of habeas corpus does, however, raise two new issues regarding his alleged involuntary plea of guilty and his alleged denial of compulsory process for obtaining witnesses in his favor.

In reviewing the state court habeas corpus proceeding it appears that there was a full examination concerning the voluntariness of the petitioner's guilty plea. It appears, from the testimony of both the petitioner and his attorney at his original trial, that the petitioner was indeed reluctant at first to plead guilty to such a serious offense and accept the recommendation of the Commonwealth's Attorney for a twenty year sentence. However, it was the opinion of petitioner's counsel that he would fare much worse at the hands of a jury considering the circumstances of the particular crime. Petitioner was charged with the armed robbery of his own stepfather who had taken the boy in as a child and raised him until he was a young man. Furthermore, the petitioner has a previous record consisting of attempted robbery and felonious assault.

Petitioner's counsel in the discharge of his duty to the court and the accused, requested two attorneys who had been at the bar longer than he to assist him in explaining the seriousness of the situation and the advisability of entering a guilty plea to his client. It was the considered opinion of all the attorneys involved that it would be in the petitioner's best interests to accept the Commonwealth's recommendation under the circumstances.

■ The state record was quite adequately developed in this regard and this court is satisfied that the petitioner's guilty plea was entered into voluntarily and with the awareness that he would receive a prison term of twenty years which is the precise sentence he did ultimately receive.

The petitioner further alleges that he was denied the right to summon witnesses on his behalf and was thereby denied compulsory process. This particular charge has never been put before any court of the state, trial or appellate, in either a direct or collateral proceeding. As a result the state courts have not had an opportunity to pass upon the merits of his contention and have not, as a consequence, developed any type of record concerning the charge of denial of compulsory process. Therefore, it is not necessary for this court to reach the question of the denial of the petitioner's right to compulsory process in a proceeding resulting in a guilty plea because it is apparent that the petitioner has not exhausted his available state remedies in this regard. Where the state provides an adequate and available method for bringing the necessary collateral attack on the conviction, those remedies must be pursued before a federal court will consider the merits in a habeas corpus petition raising the same contentions. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Ganger v. Peyton, 379 F.2d 709 (4th Cir. 1967) and Thompson v. Peyton, 406 F.2d 473 (4th Cir. 1968).

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus be dismissed. This dismissal is without prejudice to the refiling of petitioner's claims after available state remedies have been exhausted.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of this court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.