**Henry TUCKER, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–19.**

United States District Court
W. D. Virginia,
Danville Division.

June 10, 1967.

---

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for C. C. Peyton.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Henry Tucker, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*.

Petitioner is currently serving a life sentence in the Virginia State Penitentiary following his conviction, on May 26, 1964, for breaking and entering with intent to commit rape, before the Circuit Court of Halifax County where petitioner pleaded not guilty and waived trial by jury. Petitioner did not appeal his conviction, but sought state habeas corpus relief which was denied in a plenary hearing before the Circuit Court of Halifax County on January 25, 1966. The Virginia Supreme Court refused a writ of error to this judgment on January 13, 1967. Petitioner has exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391,

83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and is properly before this court.

The allegations which petitioner says entitle him to relief are as follows:

(1) Petitioner was insane at the time of the commission of the offense for which he was charged and convicted.

(2) Petitioner was insane at the time of his trial.

(3) Petitioner was ineffectively represented by counsel, and was not afforded the protection of due process of law because counsel, the prosecuting attorney for the Commonwealth, and the trial judge, while cognizant of petitioner's previous history of mental illness, deemed it unnecessary to conduct a pre-trial examination of petitioner's competency to stand trial pursuant to Va.Code § 19.1–228 (1950).

The transcript of petitioner's state habeas corpus proceeding discloses the following facts:

Petitioner was represented at trial by court-appointed counsel of ten years experience mainly acquired in the practice of criminal law. The prosecuting attorney for the Commonwealth made routine inquiry about any possible record of petitioner with the Superintendent of Central State Hospital, Petersburg, Virginia before petitioner's preliminary hearing. The inquiry revealed petitioner had been committed to Central State Hospital by order of the County Court of Halifax County in October of 1960. Petitioner was found to be mentally ill at that time, but after the Halifax County criminal charges against petitioner were dismissed, a regular order of commitment was not carried out, and petitioner was discharged from Central State in October of 1961.

Petitioner was again admitted to Central State in August of 1963 by order of the Municipal Court of the City of Alexandria, Virginia. The Medical Staff of Central State, after a period of observation and evaluation found petitioner to be mentally ill concluding, however, that petitioner knew right from wrong and was capable of standing trial on any charges pending against him. Petitioner was therefore returned to the jurisdiction of the Alexandria Court in December of 1963. The offense for which petitioner was convicted, which is the subject of this writ for habeas corpus, occurred some four months subsequent to petitioner's discharge from Central State in December of 1963.

The above history of petitioner was communicated to petitioner's court-appointed counsel by the attorney for the Commonwealth before trial. The trial counsel then directed a letter to the Superintendent of Central State in which counsel requested available information about petitioner and inquired whether, in the view of the Medical Staff at Central State, petitioner's cause might be advanced by pre-trial commitment for observation and analysis. The Superintendent responded by providing the same diagnostic information given to the attorney for the Commonwealth and stated that a definitive diagnosis of petitioner's then present state of mind could not be made without petitioner's commitment for observation.

The record of petitioner's state habeas corpus proceeding further discloses that petitioner's trial counsel, the attorney for the Commonwealth, and the trial judge discussed the desirability of pre-trial commitment of petitioner for the purpose of determining petitioner's competency to stand trial. The parties decided it was unnecessary to subject petitioner to a pre-trial examination, and no formal motion for commitment was made as provided for by Va.Code § 19.1–228 (1950). In so concluding, considerable weight was given to the fact that the Medical Staff of Central State had determined petitioner was capable of standing trial some three months before the commission of the offense which is the subject of petitioner's conviction and request for habeas corpus relief.

The testimony of petitioner's trial counsel at the state habeas corpus proceeding discloses that in the view of petitioner's trial counsel, petitioner was able to assist in his own defense. The

trial counsel testified that petitioner appeared to understand the charges against him. Petitioner testified on his own behalf at trial, and is alleged to have told a coherent account of the events surrounding his arrest. Trial counsel further testified that in his opinion the petitioner would have met the tests of competency to stand trial had he been committed for observation at that time. The officers who arrested petitioner testified at the state habeas corpus proceeding that their observation of petitioner at the time of arrest and during his confinement pending trial did not indicate petitioner was unaware of the nature and gravity of the offense for which he was charged.

Petitioner's first contention for habeas corpus relief is grounded on the assertion of insanity at the time of the commission of the offense for which he was charged and convicted. The question of petitioner's sanity at the time of the commission of an offense is not, with three exceptions, reviewable as a matter of right before this court. The exceptions permitting such review occur when new facts are alleged that were not readily discoverable at trial; when the trial judge's decision was precipitated in a climate of prejudice, bias, or in a mob dominated atmosphere, and when the sentence is death. See Owsley v. Cunningham, 190 F.Supp. 608 (E.D.Va. 1961). The record fails to disclose that petitioner's first claim is an exception to the principle stated above, and is therefore without merit for the purpose of federal habeas corpus review.

In addressing petitioner's contention that he was insane at the time of trial, this court will also consider petitioner's third contention that he was not afforded the protection of due process of law because trial counsel, the attorney for the Commonwealth, and the trial judge deemed it unnecessary to subject petitioner to a pre-trial mental examination pursuant to Va.Code § 19.1-228 (1950). In evaluating these contentions, this court is not restrained to accept the state court's findings unless they are in agreement with this court's independent evaluation of the facts interpreted in light of existing constitutional standards. Hobbs v. Pepersack, 301 F.2d 875 (4th Cir. 1962); Holly v. Smyth, 280 F.2d 536 (4th Cir. 1960).

Va.Code § 19.1-227 (1950) enjoins the trial of criminal defendants who are insane. Va.Code § 19.1-228 (1950) is a statutory protection for those charged with crime, who because of present mental illness are either unaware of, or unable to bring the existence of this condition to the attention of the trial court. Va.Code § 19.1-228 permits the courts, in their discretion, to commit the accused for observation and evaluation of his competency to stand trial. The motion for commitment may be made by accused's counsel, the attorney for the Commonwealth, or the court when any one of those agencies has reason to believe that the mental condition of the accused is such that he cannot assist in his own defense.

The thrust of Va.Code § 19.1-228, as stated in Thomas v. Cunningham, 313 F.2d 934, 939 (4th Cir. 1963), is, " * * * the assurance by the Commonwealth that one whose mental capacity to cope with the exigencies of a trial is in doubt shall not be put in jeopardy without a preliminary inquiry into his present mental condition."

When the accused's competency to stand trial is in doubt, the court may have the question resolved according to several statutorily prescribed methods. The choice of the trial court is discretionary. The denial of petitioner's motion for pre-trial examination will not be disturbed absent a clear showing of abuse of discretion. See Owsley v. Cunningham, supra.

This court is unable to grant habeas corpus relief to petitioner when petitioner's bare allegation of insanity at time of trial is unsupported by evidence.

The gist, however, of petitioner's contention is that the fact of petitioner's prior commitment in Central State Hospital where he was diagnosed as mentally

ill, known to petitioner's counsel, the attorney for the Commonwealth, and the judge of the trial court was a fact that should have commanded reason to believe, within the language of Va.Code § 19.1–228, that petitioner should have been recommitted to determine his competency to stand trial.

In *Owsley*, supra, 190 F.Supp. at p. 614, the court stated:

> Any error of the state court in evaluating the issue of mental competency would not go to jurisdiction; it is only the denial of the opportunity to tender the issue of insanity which affords the right to present the issue of insanity in habeas corpus proceedings.

It appears to be the position of petitioner that he was not afforded the protection of due process of law because the court did not of its own motion have petitioner committed for pre-trial examination, or because counsel was ineffective for not making a motion for pre-trial examination. In effect, petitioner is saying that he was denied the opportunity to tender the issue of insanity before a trial on the merits. The alleged denial of opportunity to tender the issue of insanity would be an abuse of discretion where the court, the attorney for the Commonwealth, or counsel for the accused fail to take the appropriate action under Va.Code § 19.1–228, despite their reason to believe that petitioner's confinement for observation is necessary in order to determine whether he is able to assist in his own defense.

The broad language of Va. Code § 19.1–228 suggests that the statute was constructed by the legislature with a view to the complexity and subtlety of the problem which that statute addresses. No single factor is dispositive in the process of appraising the state of mind of an accused at the time of trial. Just as it cannot be said that knowledge of the fact of an accused's previous history of mental illness commands, on the part of state officers, reason to believe the accused may not be now competent to stand trial.

The testimony of petitioner's trial counsel indicates petitioner understood the nature of the charges against him and was able to assist in his own defense at the time of trial. This court is of the view that there was no abuse of the exercise of discretion permitted by Va.Code § 19.1–228, and counsel was not ineffective for failure to press the question of petitioner's sanity at the time of trial. This court is so persuaded in light of the testimony of petitioner's trial counsel, taken in conjunction with the fact that the Medical Staff of Central State Hospital had declared, some three months before the trial which is subject of this habeas corpus proceeding, that petitioner was competent to stand trial for another offense.

Therefore, it is hereby adjudged and ordered that the petition for writ of habeas corpus be denied. A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.